(113 So. 763)

No. 28300.

MERCHANTS' & FARMERS' BANK & TRUST CO. v. HAMMOND MOTORS CO., Inc., et al.

May 23, 1927. Rehearing Denied July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. Banks and banking ⬤➡134(7)—Special mandate authorizing bank as creditor to apply debtor's deposits in payment of indebtedness held not to apply to trust funds.

Special mandate authorizing bank to apply any funds on deposit with it in debtor's name to payment of debt due bank does not authorize bank to apply trust fund in payment of such indebtedness, though fund is deposited in name of debtor.

2. Banks and banking ⬤➡134(7)—Seller's deposit in escrow to pay creditors held trust fund, which bank could not apply to payment of seller's indebtedness despite permission so to apply deposits (Bulk Sales Law).

Deposit with bank in name of seller in escrow for purpose of paying seller's debts on transfer of assets, under Bulk Sales Law (Act No. 114 of 1912), *held* to constitute trust fund which bank could not apply to payment of seller's indebtedness despite special mandate permitting bank to apply seller's deposits in payment of seller's notes to bank.

3. Banks and banking ⬤➡134(7)—Bank as creditor held not entitled to retain as against debtor's receiver moneys deposited in escrow which constituted trust fund, notwithstanding bank was authorized to apply debtor's deposits in payment of indebtedness (Bulk Sales Law).

Where, on sale of debtor's assets, deposit was made with creditor bank in escrow for purpose of paying creditors, under Bulk Sales Law (Act No. 114 of 1912), bank, which knew money was deposited in escrow and could not be withdrawn except upon signature of debtor and attorney who passed sale, was not entitled to retain such deposit as against debtor's receiver, under special mandate authorizing it to apply any funds on deposit with it in debtor's name in payment of indebtedness.

4. Judgment ⬤➡256(7)—Interest cannot be allowed unless claimed in petition (Code Prac. arts. 157, 553).

Where petition contains no prayer for interest and no allegation claiming it, interest cannot be allowed, under Code Prac. arts. 157, 553.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Suit by the Merchants' & Farmers' Bank & Trust Company against the Hammond Motors Company, Inc., in which a receiver was appointed. On the receiver's rule to require the Citizens' National Bank of Hammond to pay over certain moneys deposited in the name of the defendant first named. Judgment for the receiver, and the defendant last named appeals. Amended, and, as amended, affirmed.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, J. J. Jackson, of Hammond, and Kemp & Buck, of Amite, for appellant Citizens' Nat. Bank of Hammond.

A. Sidney Burns, of Ponchatoula, for appellee.

OVERTON, J. This proceeding was commenced by rule, instituted by the receiver of the Hammond Motors Company, Inc., in the suit in which the receiver was appointed,

to require the Citizens' National Bank of Hammond to pay to the receiver a balance of $7,858, deposited in that bank in the name of the Hammond Motors Company, Inc., "in escrow."

The proceeding grows out of the following facts: The Hammond Motors Company executed three notes in favor of the Citizens' National Bank, one for the sum of $1,756.15, and two for the sum of $3,000 each. These notes provide for 8 per cent. per annum interest from maturity, and contain the usual clause of 10 per cent. attorney's fees, if placed in the hands of an attorney for collection. The notes also contain a provision to the effect that, should their maker be adjudged bankrupt, or should proceedings in involuntary bankruptcy or for the appointment of a receiver be filed against it, the notes shall immediately become due. They also contain a further provision, which reads as follows:

"Unless this note be paid at its maturity or when otherwise due as herein provided, any money, securities, or property on deposit with, in possession or under control of, or held by said bank for any purpose whatsoever or in transit to or from said bank by mail or carrier, to the credit or for account of the undersigned makers, indorsers, or any of them, shall at once be and stand applied to the payment of this note, or any other debt, liability, or obligation, direct or contingent, due or to become due, by the undersigned or any of them to said bank."

The notes fell due and were not paid. After their maturity, the Hammond Motors Company, Inc., sold all of its physical assets to Cassidy and Fagan for $15,166.07 cash, and pursuant to the Bulk Sales Law (Act No. 114 of 1912) furnished the firm with a sworn list of its creditors and the amount due each. It was agreed between Cassidy and Fagan and the Hammond Motors Company that the consideration paid for these assets should be used to pay the creditors named in the list furnished. In accordance with the agreement, J. J. Jackson, the attorney and notary, who passed the sale, deposited the consideration that was paid in the Citizens' National Bank of Hammond in the name of the Hammond Motors Company, in escrow, and the deposit was carried on the books of the bank in the name of that company as a deposit in escrow. At the time the deposit was made, Jackson notified the bank that no check drawn against the account should be paid unless signed by the Hammond Motors Company and by him.

Shortly after the foregoing sale was made, the Merchants' & Farmers' Bank & Trust Company instituted proceedings to force the Hammond Motors Company into the hands of a receiver. A receiver was appointed, who is the plaintiff in this rule. After the appointment of the receiver, the Citizens' National Bank of Hammond applied $7,858 of the foregoing deposit to the payment of the principal, the interest, and the attorney's fees due on the three notes executed by the Hammond Motors Company, and paid the balance of the deposit to the receiver. It is the amount applied by the bank to the payment of these notes that the receiver now demands of the bank, the demand being based upon the theory that the bank had no right to apply any part of the deposit involved herein to the payment of the notes, first, because the deposit formed no part of the general checking account of the Hammond Motors Company, but partook of the nature of a trust fund, and, secondly, because the application of the deposit to the payment of the notes was not made until after a receiver had been appointed for the Hammond Motors Company.

[1-3] This court has held that a bank may apply money deposited with it to the payment of a debt due it by the depositor, when it holds from him a special mandate to that effect. Succession of Gragard, Edward Pierson, Administrator, v. Metropolitan Bank, 106 La. 298, 30 So. 885. But this court has never held that a trust fund, though deposit-

ed in the name of the debtor; could be applied by the bank, under a special mandate authorizing it to apply any funds on deposit with it, in the name of its debtor, to the payment of a debt due by him. In our opinion the bank may not do so. 7 C. J. § 358½, p. 660; 3 R. C. L. § 222, p. 593. We think that the fund constituted a trust fund, deposited in escrow, at the instance of the vendor and vendees of the assets of the vendor for the purpose of paying debts of the vendor, and thereby safeguarding the interests of the vendees. While it does not appear that the bank knew all of the circumstances of the transaction, yet it did know that the money was deposited in escrow, and that it was not to be withdrawn except upon the signature of the vendor, the Hammond Motors Company, and of J. J. Jackson. These facts were sufficient to place the bank on its guard and charge it with knowledge. Our conclusion, therefore, is that the bank should pay the receiver the amount applied by it to the payment of the notes. This conclusion renders it unnecessary for us to consider the second ground urged as to why the bank should pay the amount, so applied, to the receiver.

[4] The trial court rendered judgment in favor of the receiver for the $7,858, which was applied to the payment of the notes, together with 5 per cent. per annum interest thereon from judicial demand until paid. The judgment is correct, except as to interest. Interest cannot be allowed unless it is claimed in the petition. Code of Practice, arts. 157 and 553; Town of Vinton v. Lyons, 131 La. 673, 60 So. 54; Alcolea v. Smith, 150 La. 482, 90 So. 769, 24 A. L. R. 815. In this instance there is no prayer for interest, and, for that matter, not even an allegation claiming it.

For these reasons the judgment appealed from is amended by disallowing the interest awarded, and, as thus amended, the judgment is affirmed, appellee to pay the costs of this appeal.