ROGERS, J.
 

 The purpose of this suit, which was pending in the court below for a number of years, is to annul an adjudication of real estate and to recover the 10 per cent, deposit and damages. The original defendants were the owner of the property and the auctioneer who'made tHe sale. Both died during the litigation, and their respective heirs were made parties to the suit.
 

 The court below gave plaintiff judgment for the amount of the deposit, with legal interest thereon from date of judgment, thereby, in effect, annulling the adjudication. Plaintiff appealed, on the ground, specifically, that the judgment should have allowed him interest from judicial demand instead of from its date. Defendants neither appealed nor answered the appeal: The narrow question before the court, therefore, is whether the judgment in respect of the allowance of interest is correct. We think it is.
 

 Plaintiff alleges and defendants admit that the 10 per cent, deposit was to be noninterest-bearing. This is correct, for it was so stipulated in the advertisement calling for the sale and in the auctioneer’s procSs verbal and receipt. Plaintiff is therefore bound by the stipulation. Plaintiff apparently concedes this,-but seeks to avoid the effect of the stipulation by specifically averring, in his petition, that he had borrowed the amount of. the deposit and was paying interest thereon- at the rate of $11.75 per month (approximately S per cent, per annum), and- by praying for the recovery by way of damages of such interest paid and to be paid until his deposit was restored to him.
 

 Plaintiff contends that the prayer of his petition is broad enough to permit his recovery of legal interest from judicial demand. He argues that his demand is, in effect, for 8 per cent, per' annum interest from May 18, 1920, the date of -the deposit, until the deposit is restored, and 5 per cent, per annum interest on the judgment from its date, which, under the familiar principle that the greater includes the less, entitles him to legal interest from judicial demand on September 22, 1920.
 

 The argument is ingenious but unsound. It is plain from the allegations and prayer of his petition that plaintiff’s main demand is made up of two elements, namely, the claim for the return of his deposit and the claim for damages of $17.76 per month to reimburse plaintiff for interest paid and to be paid on money which he had borrowed in order to make the deposit. In other words, the interest thus alleged and prayed for is not incidental' to, but is an integral part of, the alleged debt for which he seeks recovery, and on which he specifically prays for legal interest from the date of judgment; whereas the interest contended for by plaintiff on this appeal grows out of, or is incidental to, his claim against the defendants by reason of their detention of his deposit. The claim is one for damages for defendants’ delay in repaying plaintiff the amount of his deposit, which, but no more, he is entitled to recover without the necessity of proving any loss. Civ. Code, art. 1935. Plaintiff’s demand for this interest is from date of judgment and not from judicial demand. Interest not claimed cannot be allowed. Code Prac. arts. 157 and 553; Alcolea v. Smith, 150 La. 482, 90 So. 769, 24 A. L. R. 815.
 

 Plaintiff makes the further contentions that, under his prayer for general relief and that interest being due by operation of law is included in his demand for the principal of the debt, the court is authorized to award-him interest from judicial demand. In sup
 
 *365
 
 port of the first of these contentions he cites Schwartz v. Cronan, 30 La. Ann. 993. The obvious answer to both propositions is that, as hereinbefore stated, plaintiff’s demand for interest is from the date of judgment and not under his prayer for general relief nor undér his prayer for the recovery of the principal of the debt. One cannot have judgment for more than he demands. Code Prac. art. 156; Brown v. Bessou, 30 La. Ann. 735. The decition in Schwartz v. Oronan, so far as it allowed interest under the prayer for general relief, was held to be in conflict with Code Prac. arts. 157 and 553, and expressly overruled in the case of Alcolea v. Smith, referred to supra.
 

 For the reasons assigned, the judgment appealed from is affirmed; costs of appeal to be paid by plaintiff and appellant.