No. 696

First Circuit

HUFF v. FITZSIMMONS ET AL.

(October 8, 1930. Opinion and Decree.)
(January 26, 1931. Rehearing Refused.)

Miller & Heintz, of Covington, attorneys for plaintiff, appellee.

A. J. Finney, of Covington, attorney for defendants, appellants.

LeBLANC, J. Plaintiff, Mrs. Bertha Per-reand Fitzsimmons, wife of Creighton W. Huff, became the owner of three notes of $500 each, in the settlement of the community interests between herself and her husband, Nicholas Fitzsimmons, one of the defendants herein. One of the notes, it appears from the evidence, was paid, and this suit is brought by her to enforce collection against him and Henry B. Pruden, an indorser, on the other two.

The two notes sued on are both dated Covington, La., July 30, 1923, and are payable to the order of plaintiff, nine and twelve months after date, respectively. They both bear interest at the rate of 8 per cent per annum from date, and contain a stipulation for 10 per cent additional on the principal and interest as atttorney's fees in the event they should be placed in the hands of an attorney for collection. They are signed by the defendant Fitzsimmons and are indorsed by Henry B. Pruden, the other defendant, and also by Mrs. Fitzsimmons, who we learn from the testimony was the mother of the defendant Nicholas H. Fitzsimmons. The note payable nine months after date bears the further indorsement of a payment of the sum of $200 made on July 31, 1924.

The plaintiff, alleging herself to be the holder and owner of the two notes as above described, prays for judgment against Fitzsimmons and Pruden, in solido, for the full amount with interest thereon at 8 per cent from July 30, 1923, less the sum of $200 paid on July 31, 1924. It is to be noted that the 10 per cent additional on the principal and interest as attorney's fees is not prayed for.

Both defendants plead payment of the two notes by the giving by the maker and acceptance by the holder of a note for $800 made and executed by the defendant Fitzsimmons on November 24, 1924, secured by mortgage on his undivided one-seventh interest in some property which belonged to the estate of his mother.

The district judge held that the defendants had not supported their plea of payment and rendered judgment in favor of the plaintiff for the full amount sued for with interest as prayed for, and in addition thereto he allowed 10 per cent on the full

amount as attorney's fees. The defendants have appealed devolutively.

The plea of payment presents an issue of fact between the parties which we feel convinced the district judge has correctly decided. Not only do we think the defendants have failed to carry the burden which the law imposed on them of proving the plea, but we believe the plaintiff has supplied the preponderance of testimony to show that the mortgage notes given by defendant Fitzsimmons were never intended to serve any other purpose than as additional collateral to secure the payment of the two other notes.

The only witness for plaintiff was Mr. Fred J. Heintz, a reputable attorney who has practiced his profession before the courts of his district and other courts in the state for more than twenty years. He was Mrs. Huff's attorney and she seemed to have intrusted him implicitly with the handling of these notes. He says, in his testimony, that he has "held these notes in his possession almost the entire time since the making of same." He appeared to be friendly also to the defendant Fitzsimmons, and especially so to the other defendant, Pruden, who he frankly acknowledges he was trying to assist and protect as far as possible on his indorsement. He is most positive in his testimony that it was never contemplated that he would accept the mortgage note as payment for the two notes he held which were secured by the indorsement of Pruden, who is reputed to be a man of some means, and also by that of Mrs. M. Fitzsimmons, mother of the maker of the note, but that he took the mortgage note merely as collateral security. It would seem most unreasonable that he would have released a responsible indorsement and also another indorsement on

which he could have enforced also rights against an entire succession, to accept, instead, a mortgage on an undivided one-seventh interest only in that estate. His testimony is strengthened by the fact that the defendant Fitzsimmons never demanded of him the return of the two notes he claims had been paid by the giving of this mortgage note and the further circumstances that it was only after more than two years of repeated demand on him to pay the balance due on the two notes, that defendant raised the question of payment, which is now presented as the defense to this action.

We have no hesitancy in accepting, as did the district judge, Mr. Heintz's version, supported as it is by the attending facts and circumstances, of this transaction. We are of the opinion, however, that the judgment of the lower court, in awarding 10 per cent on the amount of the principal and interest sued on, as attorney's fees, went beyond the prayer of the petition. Plaintiff not having demanded them cannot recover the attorney's fees stipulated for in the notes. The judgment will therefore have to be amended.

It is therefore ordered that the judgment appealed from be amended by eliminating therefrom the 10 per cent on the amount of principal and interest allowed as attorney's fees, and that as thus amended, it be affirmed.

## ON APPLICATION FOR REHEARING

LeBLANC, J. On application for rehearing, the plaintiff, in whose favor judgment was rendered, 130 So. 142, complains of our action in denying attorney's fees in the sum of 10 per cent of the amount recovered, which had not been demanded in the prayer of her petition.

It is said that the matter was not urged by the defendants either in this court or in the lower court, and the impression is sought to be given that we went out of our way to raise the question ex industria.

It is the business of an appellate court to correct any error that may appear to it in the judgment of the court a qua. It matters not whether the error arose from a misconception of the law or facts, or both, or through oversight of some point in the case.

In this case the judgment of the lower court awarded the plaintiff a sum for attorneys' fees which had not been demanded in the petition. It was a judgment in excess of the amount prayed for. It was no concern of ours whether the error was one of oversight or of misconception; we considered it our duty, on perceiving it, to correct it.

We did not think it necessary to cite authority to the effect that a plaintiff cannot recover in a judgment more than is demanded in his petition. The Code of Practice so provides, articles 156, 157. Article 553, Code Prac. further provides that "interest shall not be allowed by the judgment, unless the same have been expressly claimed. * * *" In her application before us, plaintiff attempts to draw a distinction between a demand for interest and one for attorneys' fees which we cannot appreciate as existing in relation to the question here presented. As further authority may be cited the cases of Merchants' & Farmers' Bank & Trust Co. v. Hammond Motors Co., 164 La. 57, 113 So. 763; Roussel v. Railways Realty Co., 165 La. 545, 115 So. 742; Gallagher v. Louque et al., 169 La. 362, 125 So. 272, and Sandifer v. Stephens, 8 La. App. 546.