ROYAL INDEMNITY CO. v. DOYLE E. CARLTON, Governor, for the use and benefit of the County of Franklin and State of Florida.

156 So. 384.

Opinion Filed July 28, 1934.

Petition for Rehearing Denied Sept. 13, 1934.

*Knight, Adair, Cooper & Osborne, John C. Cooper, Jr.,*
and *F. H. Kent,* for Plaintiff in Error;

*R. Don McLeod, Jr.,* for Defendant in Error.

TERRELL, J.—By Chapter 10304, Acts of 1925, the Legislature granted a franchise to construct and operate a toll bridge, causeway and highway across Apalachicola River and East Bay between Apalachicola and East Point in Franklin County. The Act provided a means of acquiring said bridge by Franklin County and the State of Florida and authorized the County Commissioners, under the terms of the Act, to issue an exclusive franchise to any person, firm or corporation offering to undertake its construction.

Pursuant to the provisions of Chapter 10304, Acts of 1925, the County Commissioners of Franklin County granted a franchise to C. A. Paquette to construct the toll bridge in accordance with the terms thereof, construction thereon to begin within one year from June 1, 1925, and to be fully completed within three years from the last mentioned date. To guarantee such completion, bond in the sum of $10,000, payable to the Governor for the use and benefit of Franklin County, was posted with plaintiff in error, Royal Indemnity Company, as surety.

The holder of the franchise not having made satisfactory progress toward constructing the bridge, defendant in error, as plaintiff below, in December, 1930, filed its declaration in the Circuit Court, naming plaintiff in error as the sole defendant seeking to recover damages in the sum of $12,000.00, being the amount of the bond posted, with costs of this litigation. Petition on the part of defendant to remove the cause to the Federal Court on the ground of diversity of citizenship was denied. Defendant then re-

moved the cause to the Federal Court by statute without an order for that purpose. On motion of the plaintiff, the cause was remanded to the State Court. A demurrer and motion for compulsory amendment addressed to the declaration was denied. Ten pleas were then filed, all of which were held fatal under demurrer but the tenth. Additional pleas were tendered and denied. Trial was had and at the conclusion of defendant's testimony, the trial court granted a motion for directed verdict in favor of the plaintiff, on which final judgment was entered. The instant writ of error was prosecuted to that final judgment.

Five errors were assigned and argued in this Court, but we do not deem it necessary to treat any of them but the second. The second assignment of error, as did the pleas stricken, tenders the defense that the grantee of the franchise commenced work on the bridge within the time provided, but that he was prevented from completing it as required because the County Commissioners of Franklin County approved a resolution cancelling his franchise before the date of its maturity and within said time the Attorney General of the State of Florida instituted a proceeding in quo warranto against the grantee and his assigns for the purpose of cancelling the said franchise.

The record discloses that the franchise was granted C. A. Paquette July 7, 1925. It required that the bridge be commenced within one year and completed within three years from June 1, 1925. The resolution of the Board of County Commissioners revoking and abrogating it was adopted February 28, 1927, long prior to the time allowed for its completion. Information in the nature of quo warranto to cancel the franchise was filed in the Circuit Court of Franklin County July 28, 1927.

The toll bridge in question was more than four miles long and was to be constructed at a cost of many hundreds

of thousands of dollars. It was a speculative undertaking and it was well known that the grantee of the franchise did not have the money to construct it, but he had to raise the funds for that purpose by pledging his franchise, issuing bonds secured by the franchise or borrowing in some way. We do not decide what effect in law the resolution of the County Commissioners cancelling the franchise had, but it certainly had the practical effect of "chilling" any desire or enthusiasm the investing public may have had to place money in such a project. This action on the part of the County Commissioners taken, when the life of the franchise had slightly more than half expired, made it very difficult if not impossible for the grantee to comply with its terms.

There is no suggestion here that C. A. Paquette or his assignee, Apalachicola Bay Bridge Company, abandoned, abused, or misemployed its franchise. In fact, it is shown that some work was done in an effort to comply with it and at the time it was abrogated, the grantees were still making efforts to finance the bridge. At the time the franchise was abrogated, it had more than a year to run. Whether or not it could have been financed in that time is problematic under any circumstances, but it is certain that any prospect of doing this, vanished with the abrogation of the franchise.

The law is well settled that recovery cannot be had against a surety company on its bond executed to secure the construction of a toll bridge in compliance with the terms of a franchise when the grantor of the franchise revoked it before the time fixed for it to expire, thereby making it impossible for the grantee to perform. People of Porto Rico v. Title Guaranty and Surety Co., 227 U. S. 382, 57 L. Ed. 561, 33 Sup. Ct. Rep. 362; Billas v. Lake Weir Light and Water Co., 100 Fla. 913, 130 So. 142; Walker and McClelland v. Chancery, 96 Fla. 82, 117 So. 795; United States

Fidelity and Guaranty Co. v. City of Pensacola, 68 Fla. 357, 67 So. 87; Humboldt County v. Ward Bros., 163 Iowa 523, 145 N. W. 54; New York Electric Lines v. Empire City Subway Co., 235 U. S. 179, 59 L. Ed. 184, 35 Sup. Ct. 72; People, *ex rel.* New York Electric Lines Co. v. Squire, 107 N. Y. 593, 14 N. E. 820, 1 Am. St. Rep. 893.

The judgment below is accordingly reversed.

Reversed.

WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., disqualified.