**63 So.2d 139**

## TROQUILLE v. LACAZE'S ESTATE et al.

### No. 40969.

Jan. 12, 1953.

Gravel & Downs, Alexandria, for plaintiff-appellant-relator.

Gahagan & Pierson, Natchitoches, for respondent.

HAWTHORNE, Justice.

The district court rejected plaintiff's demands for workmen's compensation, and he appealed to the Court of Appeal, Second Circuit. That court reversed the judgment of the district court and awarded him compensation on the basis of total and permanent disability in the sum of $20.11 per week during the period of his disability not exceeding 400 weeks, with legal interest on all past due installments until paid, and also the sum of $500 for medical expenses. Plaintiff-relator's application for writs was granted by this court because we considered that there was merit in his contention that the compensation award was incorrectly computed, and the only question before us is the rate of compensation.

The Court of Appeal found that plaintiff did not work any regular number of hours per day or any fixed number of days per week, and that his employment was of such a nature and character that he appeared to work as and when the work was necessary or perhaps as he pleased, both with respect to the number of hours per day and the number of days per week. The court concluded that under the particular and peculiar facts of the case an award of $20.11 per week would do justice. This amount represented 65 per cent of $30.93, plaintiff's *average weekly wage* for the year 1950. See Troquille v. Lacaze's Estate, La.App., 59 So.2d 505.

The Court of Appeal erred in computing the compensation to be awarded in this case on the basis of the average weekly wage of plaintiff. This method of computation is contrary to that approved by this court in the cases of Rylander v. T. Smith & Son,

Inc., 177 La. 716, 149 So. 434; Calhoon v. Meridian Lumber Co., Inc., 180 La. 343, 156 So. 412, and Jarrell v. Travelers Ins. Co., 218 La. 531, 50 So.2d 22.

In the Rylander case, supra, this court pointed out that after various amendments to the Workmen's Compensation Act, LSA–R.S. 23:1021 et seq., "Henceforth the rate of compensation allowed the injured workman was no longer to be based upon his 'average weekly wages' but upon his 'daily rate of pay' ", and, as pointed out in that case, "wages" in the Workmen's Compensation Act means the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury.

■ The evidence adduced in the instant case shows that plaintiff was paid 75 cents per hour, and that nine hours constituted a working day, and in fact counsel for the defendant-respondent made the following admission during the trial of the case: "We admit that this man [plaintiff-relator] on days he worked a full day worked nine hours and he is entitled to 75 cents per hour." His daily rate of pay therefore was $6.75.

■ The fact that plaintiff did not work any fixed number of days per week and did not always work a full day would not cause the compensation award to be based on his average weekly wage rather than his daily rate of pay. In Calhoon v. Meridian Lumber Co., Inc., supra [180 La. 343, 156 So. 415], this court pointed out that the purpose of the Workmen's Compensation Act is " * * * to compensate the workman for the loss of ability to work in the future rather than the actual loss of pay that he was receiving at the time * * *", and in that case we concluded that, although the workman did not always work a full week, the compensation should nevertheless be computed on the basis of a six-day week.

■ Since relator's daily rate of pay has been found to be $6.75, his weekly wage computed on the basis of a six-day week would have been $40.50. He is therefore entitled to compensation of 65 per cent of his weekly wage of $40.50, or the sum of $26.33 per week, and the judgment of the Court of Appeal will be amended accordingly.

■ Relator further contends that the judgment of the Court of Appeal should be amended to award him legal interest from the date of judicial demand on the award of $500 for medical expenses. Relator did not pray for an award of legal interest on this amount in his petition filed in the district court, nor did he raise or argue this matter either before the Court of Appeal in his application for a rehearing or in his application for writs to this court. This contention was first urged to this court in brief filed here, and under these circumstances may not properly be before us for consideration. In any event, according to

Article 553 of the Code of Practice, interest cannot be allowed unless plaintiff expressly claims or prays for it. See also Merchants' & Farmers' Bank & Trust Co. v. Hammond Motors Co., Inc., 164 La. 57, 113 So. 763, and Crowe v. Equitable Life Assur. Soc. of United States, 179 La. 444, 154 So. 52.

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is amended by increasing the award of weekly compensation from $20.11 to $26.33 and as thus amended is affirmed. Defendant-respondent is to pay all costs.