On Rehearing
GLADNEY, Judge.
We granted a rehearing in this matter restricted to consideration of the amount of compensation to which claimant is entitled. It is earnestly insisted that in failing to compute the compensation upon a six-day work week and in not giving consideration to overtime in determining the daily rate of pay, our former decree is in error.
*432 At the time of his injury plaintiff was employed at a sawmill which operated on a regular basis of eight hours a day for a five-day week. The evidence discloses, however, that occasionally when special orders required, the planer was operated on Saturdays at which time the services of only three or four of the mill’s thirty-one employees were needed. A few additional employees were also utilized on Saturdays to clean up and prepare for the next week’s operations. None of the employees was required to work on Saturdays. Such work was purely voluntary and was tendered to employees who had not been able to work full time to enable them to make up any deficiency in their regular earnings.
From Carrington’s employment record it is noted during the 19 weeks he was employed prior to injury he worked 779.75 hours or 96 days. He worked 70 hours overtime and missed working regularly 64^4 hours. He worked on 10 Saturdays. Thus it is evident his average work week consisted of 5%a working days of 8.3 hours each, or 40.5 hours. His work record, therefore, is consistent with his regular period of employment and indicates the actual time worked in excess of his regular schedule was negligible.
Counsel for claimant argues the following cases should'govern this court in resolving that plaintiff’s weekly rate of compensation should be computed on a six-day work week basis: Rylander v. T. Smith & Son, Inc., 1933, 177 La. 716, 149 So. 434; Calhoon v. Meridian Lumber Company, Inc., 1934, 180 La. 343, 156 So. 412; Buxton v. W. Horace Williams Company, 1943, 203 La. 261, 13 So.2d 855; Jarrell v. Travelers Insurance Company, 1950, 218 La. 531, 50 So.2d 22; Troquille v. Lacaze’s Estate, 1953, 222 La. 611, 63 So.2d 139; Moore v. Aysen, La.App., 1953, 69 So.2d 551; Martin v. Great American Indemnity Company, La.App., 1954, 75 So.2d 415. We do not agree with the contention.
Rylander v. T. Smith & Son, Inc.; Calhoon v. Meridian Lumber Company, Inc.; Jarrell v. Travelers Insurance Company, and Troquille v. Lacaze’s Estate, all were cases which involved employment far short of a normal work week and compensation was properly measured by the worker’s full work week and not the few days he had been employed in each week. Even where the few days per week were in conformity with the contract of hiring, the number of days actually worked was disregarded, and rightfully so because not representative of the employee’s earning capacity. The six-day week was thus employed as a factor in computing the worker’s compensation because he could expect six days’ work in the job he was employed under normal conditions. We find no conflict between those cases and the instant case where the employee could expect but five days’ work each week on his job under normal conditions. The rulings in the cases cited are not repugnant to others of our courts which applied the five-day rule, representative of which are: Gay v. Stone & Webster Engineering Corporation, La.App., 1939, 191 So. 745; Brown v. Furr, La.App., 1944, 19 So.2d 283; and Scott v. Fulton Bag & Cotton Mills, La.App., 1953, 65 So.2d 397.
Returning to three other authorities referred to by counsel, we observe that in Buxton v. W. Horace Williams Company the employee actually worked six days per week regularly and in Moore v. Aysen, the question of whether to compute the work week as five days or six days was not raised. Martin v. Great American Indemnity Company, however, does squarely present the identical issue which confronts us and it was there held the compensation award should be computed on a six-day basis. We regretfully and respectfully disagree with the views expressed by our brothers of the-First Circuit. We are of the opinion their holding is inconsistent with the formula, prescribed by the Supreme Court in Caddo Contracting Company v. Johnson, 1953, 222 La. 796, 64 So.2d 177, 182, and the cases cited above wherein the five-day week was. employed.
Our decree herein followed our interpretation of the rule enunciated in Caddo Contracting Company v. Johnson,, wherein it was stated: “ * * * the: *433 weekly compensation award must be based on the employee’s earnings at-the time of his injury, and this is determined by taking his then daily rate of pay and multiplying it by the number of days coustomarily worked per week.” Our opinion is in accord with the recent decision of the Orleans Court of Appeal in Scott v. Fulton Bag & Cotton Mills, 1953, 65 So.2d 397, which awarded compensation on a five-day week. It has frequently been pointed out in the jurisprudence of this state that compensation should be paid to an injured workman as indemnity for his inability to work in the future and that he should not be penalized because of unfortunate economic conditions prevailing at the time of injury. To provide compensation in lieu of wages rather than damages for injuries based on wages prior to the accident motivated an amendment to the act in 1916, Act No. 243 of 1916. A decision of this court, King v. American Tank & Equipment Corporation, La.App., 1932, 144 So. 283, 289, in discussing this change, said:
“This, no doubt, was the reason ofpi the change in the law from the average weekly wage to daily wage, and when the law reads to be paid weekly, based upon his daily wage, it means that his daily wage shall be multiplied, by the number of working days in the week, which is generally understood at the present time to be six. If the five-day working week ever becomes a law, it no doubt will then govern. An exception to this rule would be where one was employed actually and specifically to work only seven days a week. It would not be an exception where one was employed actually and specifically to work only three days a week, for the reason that such employment would not prevent the employee from working some other place for the remaining three days, if he could secure a job.”
The court should be free to employ the five or the six-day week, or even a seven-day week, as the facts of the case dictate. When King v. American Tank & Equipment Corporation was written in 1932, employment, as a rule, contemplated more hours per week and smaller pay than presently. Employment conditions have since been altered substantially by wage contracts and minimum wage laws so that a five-day work week constitutes a full work week in many jobs.
Finding no error in our decree, we adhere to the views heretofore expressed, and our original judgment herein is now reinstated and made final.