Plaintiff brought this suit to recover compensation for total and permanent disability at the maximum rate of $20 per week for a period not exceeding 400 weeks, plus medical expenses in the sum of $600. He claims that his disability resulted from a hernia which he sustained on February 5, 1944, while he was working in a metal room at defendant's plant; that he struck or bumped into the bar of an elbow machine where he was working and hurt his right side which caused a hernia. The only question involved in the case seems to be whether or not plaintiff had an accident as he claims which caused the hernia.
The trial judge rendered a judgment in favor of plaintiff for compensation at the rate of $20 per week from the 5th of February to the 22nd of November, 1944, plus medical expenses of $250. The defendant has appealed. Since the plaintiff does not complain of the judgment, the only question is whether or not plaintiff sustained the hernia while working as he claims.
Plaintiff testified that he was working on an elbow machine which has a circular blade with a die to cut out metal elbows when the machine began to pound or slip; that he started around the machine with a piece of wire in his hand, and a gauge extending out from the machine struck him in the right side; that he fell over and felt some pain, but the pain was not severe, and he continued to work from that time (around noon) to 5:30 in the afternoon; that he told Mr. Ritchie, a fellow worker, a little later on that his side hurt him, but he did not think there was much the matter. He says he went home and took a bath and sat around his home for a while; that he did not want anything to eat, and went to the drug store to get some medicine; that he was nauseated when he started back home and was so sick when he got home that night about 9:30 that he tried to vomit. His wife sent for a doctor who came and gave him a hypodermic. He could not sleep that night, and the next day he lay around his home, and sent for the doctor again. The pain in his stomach became so severe that he asked his folks to take him to the hospital at Independence in the afternoon. An X-ray was made at the hospital, and he was immediately sent to the Touro Infirmary in New Orleans where he was examined by Dr. Ochsner and on February 11, 1944, was operated on for a strangulated hernia. He had a very serious operation, and there does not seem to be any question but that the hernia and the operation disabled plaintiff until November, 1944, the period during which the trial judge allowed him compensation.
The statement of plaintiff as to the accident which he claims caused the hernia is slightly corroborated by Mr. Ritchie, who testified that he was 10 or 15 feet from the machine where plaintiff was working, and the witness had his back to plaintiff, drinking coffee; that plaintiff stated to the witness 30 or 40 minutes later that he believed he had hurt himself slightly. This witness admitted later to an official of the defendant company that he did not know anything about plaintiff getting hurt. We understand he meant by this statement that he did not know if plaintiff got hurt, but he did not tell the company official that plaintiff did not tell the witness he got hurt. Several co-workers in the room where plaintiff was working testified that they were working at machines from 20 to 30 feet from plaintiff and none of them knew he got hurt nor heard him make any statement to that effect.
Plaintiff did not tell the doctor who came to see him on the night of the 5th of February that he had hurt his side during that day. He says that he knew what was the matter with him, but he did not want to tell his wife, as he did not think his condition was as serious as it turned out to be.
Some effort was made by the defense to show that the table on which the machine rested where plaintiff was working is only 33 inches high and this height would strike plaintiff several inches below the place where he claims to have gotten hurt. This evidence does not have much weight as it is not shown how far the machine sitting on the table and the bars extended above the table. It is obvious that the projecting bars would extend a few inches above the table. This situation rather indicates that these gauges or bars between which plaintiff was working would be about the height to strike him in the side at the place where he claims to have been hurt.
The evidence shows that plaintiff did not have a hernia before this alleged occurrence, and the fact that he became very sick that night indicates that something happened as there is no question but that this nausea was caused from the hernia. Whether or not he hurt his side as he claims depends almost entirely on his own statement. If what he says is true, that he *Page 106 
had the pain immediately after he bumped against the bars, and this pain continued until that night, culminating in nausea and a strangulation of the hernia, it is reasonable to conclude that the injury or strain caused or aggravated the condition.
[1-3] The plaintiff in a compensation suit must make out his case with the same reasonable certainty as in other cases. We have held on several occasions that the testimony of the plaintiff alone is sufficient to make out his case if there is nothing to discredit his account of the accident and resulting disability, and his statements are supported by the surrounding circumstances. There is nothing in the record to discredit plaintiff's veracity, but, on the contrary, his reliability seems to be conceded. The trial judge must have believed him, and we see no reason to disagree with his findings.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of defendant in both courts.