TATE, Judge.
Defendant insurer appeals- from the. award of workmen’s compensation to plaintiff-employee for total and permanent disability.
Chiefly factual issues are raised by this appeal.
In seeking reversal of the District Court judgment, defendant urges: (1) that the disabling accident is not proved by a preponderance of the evidence; (2) that the medical evidence does not support an award for total and permanent disability.»
Plaintiff Roy testified that on the morning of Saturday, June 13, 1953,' he wrenched his back while unloading a 200-250 lb. prefabricated cement stairway. The co-employee with Roy at the time of the accident unfortunately died prior to trial. Because the employer’s office manager and its shipping clerk both testified that they did not remember Roy informing them of the accident until the following Monday or Tuesday, defendant seeks to discredit the occurrence of the accident. . ' '
However, the uncontradicted testimony of Roy that an accident had occurred ■ is further corroborated by the testimony of. another, co-employee, Begnaud, that on Saturday, morning immediately after the accident Roy told him about wrenching his *328 back; and by the testimony of Roy’s wife and brother-in-law that Roy had come home during the Saturday morning to have his back rubbed following the accident and was unable to help with heavier duties the rest of the day (or in fact since the accident). Roy has consistently given the same version of the accident to the various doctors who have treated him.
The District Court’s factual determination that an accident occurred is supported by the preponderance of the evidence. Further, “It is well established by our decisions that an accident can be proved by the plaintiff alone if there are corroborating circumstances”, O’Connor v. American Automobile Ins. Co., La.App. 1 Cir., 32 So.2d 624, 626, at page 628; see, e. g., Zito v. Standard Accident Ins. Co., La.App. 1 Cir., 76 So.2d 25, and Dolhonde v. Gullett Gin Co., La.App. 1 Cir., 25 So. 2d 104.
The medical evidence, corroborated by lay testimony, preponderantly shows that Roy is unable to perform duties similar to those in which engaged at the time of the accident as truck driver and general delivery man by reason of disability resulting from the accident.
Dr. James Gilly, orthopedic specialist, and Dr. Z. B. Bienvenue, general practitioner who treated plaintiff following the accident over a period of approximately 17 weeks, testified that Roy could not perform heavier duties without substantial pain because of a condition of “chronic lumbosacral strain superimposed upon a previously existing degenerative arthritis of the spine”, caused by the acute lumbo-sacral strain sustained in the accident. As a result, there is approximately 50% limitation of motion of plaintiff's spine. Dr. C. V. Hatchette, orthopedic specialist of Lake Charles, also found plaintiff disabled at the time of his examination by lumbosacral strain, although he discounted the effects of the arthritis; but he, like the other doctors, found objective symptoms of muscular spasm and found plaintiff completely disabled immediately prior to the trial for performance of other than light work.
Dr. Gilly found that plaintiff’s condition, rather than improving, had somewhat deteriorated immediately prior to the trial. Both Dr. Gilly and Dr. Bien-venue diagnosed plaintiff’s disability as permanent. Dr. Hatchette estimated that with proper treatment plaintiff might recover in approximately 3 months more ; but, despite defendant’s contrary contention, “we are not to speculate on the time it would require for his recovery or in fact whether he would recover at all, especially in the face of the conflicting medical testimony”, Brown v. International Paper Co., La.App., 58 So.2d 557, at page 560.
Defendant urges that we should disregard the District Court’s factual finding based upon this preponderant testimony that plaintiff is disabled, because a Dr. Daniel Kingsley, orthopedic specialist of Alexandria testifying on behalf of defendant, concluded that any muscle spasm he found was voluntary and conscious. Defendant apparently argues that Dr. Kings-ley is more qualified because of longer medical experience than that of the other doctors testifying. Of course, longevity of experience does not necessarily guarantee greater accuracy of observation or opinion. We may add the record indicates quite without justification Dr. Kingsley’s apparent characterization of this man as a malingerer, in view of his excellent working record prior to the accident, his undoubted cooperation with the doctors who examined and treated him, and his willingness to undertake any treatment recommended by these doctors.
Defendant finally complains that the District Court incorrectly allowed compensation based on weekly wages of $45, rather than only $40.
Plaintiff was paid $40 per week as a truck driver, from which social security and federal income tax were deducted. He was additionally paid in cash $5- per *329 week by his employer to clean up the premises-at night. It is undenied that this total wage of $45 per week was regularly paid to him by employer-insured. The District Court therefore correctly based his compensation rate at 65% of these regular weekly wages, or at $29.25 per week. See e. g., Buxton v. W. Horace Williams Co., 203 La. 261, 13 So.2d 855; Clark v. Forest Lumber Co., 1 Cir., 9 La.App. 639, 120 So. 88. Cases cited to us by defendant disallowing extra pay as a basis for compensation such as Scott v. Fulton Bag & Cotton Mills, La.App., 65 So.2d 397, 398, Reynolds v. Forcum-James Co., La.App., 162 So. 211, concern the receipt of the extra pay only occasionally, and not (as here) as a regular part of the pay for the employment.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.