120 So.2d 842 (1960)
Carl WATERS, Plaintiff-Appellant,
v.
L. L. BREWTON LUMBER CO., Inc., Defendant-Appellee.
No. 9225.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1960.
J. E. Oglesby, Winnfield, for appellant.
Wright & Hamaker, Winnfield, for appellee.
AYRES, Judge.
Because of an inguinal hernia allegedly sustained by him June 5, 1959, in the scope of his employment as a common laborer, and in the course of his employer's business of operating a sawmill, plaintiff seeks to *843 recover compensation as for total and permanent disability. The defendant denied the occurrence of an accident or that plaintiff sustained any disability as the result of accidental injuries received in its employ.
The trial court concluded that plaintiff was not involved in any accident while engaged in the services of the defendant and, therefore, that he did not suffer any disability because of accidental injuries in the course of his employment with the defendant. Accordingly, plaintiff's demands were rejected and he has appealed.
Plaintiff, aged 29 years, was employed by the defendant April 3, 1959, in which employment he continued to and inclusive of July 3, 1959. His duties consisted of operating a debarking machine in stripping and removing bark from pine logs during a regular 5-day work week and cleaning up on Saturdays.
The issues presented are purely factual. From our own review of the record, we not only fail to find fault or manifest error in the conclusions reached by the learned judge of the trial court, but are convinced that the judgment is in accordance with the facts and therefore correct.
To establish the occurrence of an accident in which he claims to have sustained accidental injuries, plaintiff relies almost wholly upon his own statements. He claims that while loading a gravel truck with bark and other debris in cleaning up around the sawmill machinery on Saturday, June 5, 1959, he felt, as he threw a scoopful of the debris onto the truck, a sharp, stinging pain in his lower abdomen; that he, then and there, informed Jack Foster, a fellow employee, of the incident, and then returned to the debarking machine and completed the changing of its blades, or tools, preparatory for its further use. That plaintiff informed Foster of his injury was denied by Foster, who further testified plaintiff gave no indication of either illness or pain. However, another fellow employee, Jimmy Dunn, who was uncertain as to the time and who did not pretend to know or make inquiry as to any other fact or detail, testified that, as he was passing plaintiff at the debarking machine, plaintiff merely stated he had injured himself. Plaintiff gave no indication to Dunn that he was suffering either pain or illness. Dunn, apparently, was unimpressed and continued on his way.
On the second day following the alleged accident, plaintiff called upon Dr. John T. Mosley of Winnfield, who, on examination, found plaintiff suffering from a kidney disorder, neither claimed nor shown to have any causal connection with a purported accident. Plaintiff was accordingly placed under treatment for that ailment. On that occasion, no mention was made of an accident two days before; nor was any complaint made of pain referable to or indicative of a hernia.
Notwithstanding plaintiff's daily and close association with his fellow employees, his foreman, and other superiors while in the performance of his work, and, notwithstanding that he passed his employer's office four times a day en route from his residence to the mill, and vice versa, he gave no notice to his employer of the alleged accident and made no complaints to his foreman or fellow employees that he had been injured or that he suffered pain or was disabled.
Plaintiff nevertheless claims to have reported his accidental injuries to his wife and his father-in-law, and, in this, he is supported by their testimony. Nevertheless, the wife placed little credence in his statements and concluded his pretensions were a mere pretext to quit work. Following her remonstrance, plaintiff left his employment without notifying his employer and went to Lafayette where he lived with an aunt.
Plaintiff, however, returned to Winnfield July 29, 1959, and reported again to Dr. Mosley and, for the first time, complained to the doctor of having sustained a hernia while in the employ of the defendant. An examination established the verity of the *844 complaint, whereupon plaintiff was referred to his employer for instructions as to the surgical repair of the hernia. The defendant denied there was any causal relationship between plaintiff's former employment and the hernia, and refused to authorize its repair.
On examination by Dr. James H. Lashley October 31, 1959, plaintiff presented a condition generally referred to as relaxed inguinal rings, more pronounced on the left than on the right, and classified as a hernia. The record further establishes that plaintiff had experienced theretofore another compensable injury while in the employ of another employer and, by his own admission, was familiar with the requirement of giving notice to the employer of any injuries sustained.
That plaintiff sustained accidental injuries in the scope of his employment with the defendant is not, in our opinion, satisfactorily nor sufficiently established with reasonable certainty and by a preponderance of the evidence. The rule is well established, notwithstanding the liberality enjoined upon the courts as to procedure and evidence in compensation cases, that a claimant, in order to recover, must establish with reasonable certainty, by a preponderance of evidence, that he is not only disabled, but that such disability resulted from accidental injuries sustained within the course and scope of his employment. Green v. Heard Motor Co., Inc., et al., 224 La. 1077, 1078, 71 So.2d 849; Edwards v. Shreveport Creosoting Co., Inc., 207 La. 699, 21 So.2d 878; Montgomery v. Walter Kellogg Lumber Company, Inc., et al., La.App., 123 So.2d 353; Cotton v. Hartford Accident and Indemnity Company, La.App., 116 So.2d 736; Scott v. Roy O. Martin Lumber Company, Inc., La.App., 116 So.2d 726; Henderson v. New Amsterdam Casualty Company, La. App., 80 So.2d 438; Smith v. International Paper Co., La.App., 73 So.2d 652.
Although the testimony of a claimant in a compensation case may be sufficient to establish his claim, this does not necessarily follow, however, unless there is nothing to discredit his account of the accident and the resulting disability and his statements are supported by the surrounding facts and circumstances. Montgomery v. Walter Kellogg Lumber Company, Inc., et al., supra; Fouchea v. Maloney Trucking & Storage, Inc., La.App., 108 So.2d 273; Roy v. Manufacturers Casualty Insurance Co., La.App., 87 So.2d 327; Roy v. Guillot, La.App., 84 So.2d 469; Garrett v. Gaylord Container Corp., La.App., 71 So.2d 373; Cascio v. Standard Oil Co. of New Jersey, La.App., 32 So.2d 66; Dolhonde v. Gullett Gin Co., La. App., 25 So.2d 104.
In this regard, it may be again pointed out that there were no witnesses to the accident other than plaintiff himself. His own testimony is inconsistent and in conflict with the testimony of others to whom he claims to have reported his accidental injuries. On reporting to Dr. Mosley, no history of an accident was related and no complaints were made indicative of a hernia. Notwithstanding his continual employment for a month, no notice of an accident was given, or a claim made upon the employer, until almost a month after leaving his employment and after having sought employment elsewhere. These facts so discredit plaintiff's account of the occurrence of an accident that it cannot be held he has established its occurrence to that degree of certainty sufficient to support a judgment.
Moreover, by his own statements, on the trial November 4, 1959, plaintiff had, for about a month, engaged in logging operations in "hooking tongs in a logging mill" for another employer at a wage of $11 per day.
The judgment appealed is therefore affirmed at appellant's cost.
Affirmed.