GLADNEY, Judge.
This is a proceeding in forma pauperis for workmen’s compensation benefits predicated upon injuries allegedly sustained by Douglas Wayne Sneed on July 13, 1959. Suit was filed by Leon Sneed as administrator of the estate of his minor son, Douglas Sneed. The latter was subsequently emancipated by marriage and substituted as party plaintiff to the claims for disability benefits and postmarriage medical expenses. Made defendants are Sneed’s employer, H. M. Adams, and Lumbermen’s Mutual Casualty Company, the workmen’s compensation insurance carrier of three building contractors who engaged Adams as subcontractor on certain of their projects during the months of July and August, 1954. After trial on the merits there was judgment in the lower court rejecting plaintiff’s demands, hence, this appeal.
The issues presented for this court’s determination are: (1) whether claimant suffered an accidental injury during the course of his employment, and if so, (2) whether the injury was of such a nature as to produce disability within the meaning of the Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq.
In July of 1959, claimant was employed by H. M. Adams, an uninsured subcontractor for the installation of sheetrock for various building contractors. Sneed’s duties consisted of the lifting, placing and nailing of sheetrock on ceilings and walls. Claimant alleges that while so engaged on July 13, 1954, he and a fellow employee, Howard Belsha, pursuant to instructions, assisted in lifting a heavy table saw at the construction site. However, plaintiff has failed to establish any causal relation between that incident and the injuries of which complained. It is further alleged *422 that later in that same morning, with Belsha working in an adjoining room, claimant attempted to separate two layers of sheetrock and in so doing lost his balance and accidentally fell in such a manner that the top layer struck him in the lower abdominal region, causing immediate nausea and pain in the area of the left scrotum. Sneed did not relate his experience to Belsha, but merely informed him that he was not feeling well. Although he worked the remainder of that day and a portion of the next, claimant maintains that he was nauseated and in pain at the time. Sneed testified that he returned to his home in Hornbeck, Louisiana, on July 15th, and was examined by Dr. J. E. Hearn of Leesville on the same or succeeding day. Dr. Hearn diagnosed a varicocele of the left scrotum and prescribed scrotum suspensory, sedatives and bed rest. Sneed stated that he remained in bed for approximately one and one-half weeks, but returned to Shreveport on August 3rd to resume his work for Adams, and that on the latter date, after working only an hour and a half, during which time he was frequently straining to hold a sheet of sheetrock against the ceiling, the pain and nausea recurred. Claimant immediately consulted Dr. Brown who diagnosed a varicocele and referred him to Dr. A. M. Davis, a urologist. On August 31st, the latter confirmed Dr. Brown’s diagnosis. In the interim Sneed was hospitalized, pursuant to Dr. Hearn’s instructions, from August 4th to August 10th, and again from August 23rd to August 25th.
There is considerable medical testimony in the record relative to the extent of Sneed’s disability, and to the possibility of a varicocele being caused or aggravated by trauma. The evidence adduced by defendant upon the latter point was contra the holding of Cockrell v. Penrod Drilling Company, 1949, 214 La. 951, 30 So.2d 429, in which the Louisiana Supreme Court, on the basis of medical testimony presented therein, held a traumatically caused or aggravated varicocele compensable under the Louisiana Workmen’s Compensation Act. However, our disposition of the factual question concerning the occurrence of an accidental injury is decisive of this appeal.
The only evidence herein tending to establish the occurrence of an accident is the testimony of plaintiff, and in that respect it is virtually uncorroborated. We are fully cognizant that
“* * * our jurisprudence is perfectly clear and to the effect that an accident or injury in a compensation case may be established by the testimony of the claimant alone if there are corroborating circumstances.” Broussard v. Dumas Chevrolet Co., 120 So.2d 863, 867, La.App. Orl., 1960. Numerous authorities for the aforequoted proposition are cited therein.
However, in the instant case the veracity of plaintiff’s testimony has been severely attacked by counsel for defendant, and the record reveals several instances of apparent contradiction between plaintiff’s aver-ments and the testimony of witnesses called on his behalf as well as those called by defendant. Dr. Hearn, after referring to his notes, testified that he first saw plaintiff on July 19th, at which time plaintiff described his condition as having begun on July 7th. Plaintiff contends that the alleged accident occurred on July 13th and that he consulted Dr. Hearn for the first time on July 15th. Belsha, claimant’s co-employee, stated that he noticed plaintiff’s elastic supporter strap on July 13th, and Dr. Hearn testified that he did not prescribe a supporter until July 19th, at which time plaintiff gave the impression of being completely unfamiliar with a scrotal support. On the other hand, Sneed maintains that he bought the suspensory supporter on the morning of July 14th. Finally, the record contains a payroll check issued by Adams to plaintiff, endorsed by the latter and dated July 23rd, which verifies Adams’ testimony to the effect that Sneed actually worked for him subsequent to the date of the alleged accident and possibly, as con *423 tended by Adams, as late as July 23rd. Sneed repeatedly stated that he did not work at all between July 14th and August 3rd, and when confronted with the check, admitted his endorsement thereof but denied any recollection of having received it.
Where a plaintiff’s testimony is relied upon as the sole foundation for establishing his claim, such testimony must be clear and convincing. As was stated by this court in Franks v. Department of Highways, La.App. 2d Cir., 1949, 43 So.2d 491, 492:
“We concede the proposition urged by learned counsel for plaintiff to the effect that there is precedent in our jurisprudence for the application of the general principle that the testimony of a plaintiff alone is sufficient to make out his case, but only, as was well stated in Dolhonde v. Gullett Gin Co., La.App., 25 So.2d 104, 106: ‘ * * * if there is nothing to discredit his (plaintiff’s) account of the accident and resulting disability, and his statements are supported by the surrounding circumstances.’ To the same effect see O’Connor v. American Automobile Ins. Co., La.App., 32 So.2d 624.”
This court also had occasion to rule on a very similar situation in Dunn v. Remington Rand, Inc., La.App. 2d Cir., 1954, 76 So.2d 72, certiorari denied, wherein we stated:
“The testimony of plaintiff himself was so confused, uncertain and unconvincing that it completely failed to support his claims. * * * The testimony of plaintiff’s wife and an elderly neighbor has little, if any, value, inasmuch as the effect of such testimony bears primarily upon plaintiff’s complaints and physical condition and entirely fails to affect the question of causal connection. * * * On the evidence reflected by the record itself we think plaintiff has signally failed to establish either an accident, in the course of his employment, which resulted in disability or an aggravation of any pre-existing condition, and it follows that his demands should be rejected.” Id., at page 74.
We cannot ascribe to claimant’s testimony herein that degree of clarity and conviction requisite to a successful establishment of his claim. As in the Dunn case, the testimony of claimant’s other witnesses relates primarily to his physical condition and fails to substantiate Sneed’s version of an accidental injury. Accordingly, we are not convinced that the lower court was manifestly erroneous in rejecting plaintiff’s demands. For the reasons assigned, the judgment from which appealed is affirmed.