BOLIN, Judge.
Plaintiff appeals from a judgment rejecting his demands for workmen’s compensation, penalties and attorney’s fees. The judge below set forth his reasons for judgment in an excellent opinion which we quote in full:
“This, was a suit brought by Henry Jones against the Sturgis-Nix Lumber Company under the Workmen’s Compensation Law of this State wherein he' seeks *308 compensation for a period not to exceed four hundred weeks beginning as of February 12th, 1960 plus interest, medical expenses and twelve per cent penalty.
“The plaintiff in this case was an employee of the Sturgis-Nix Lumber Company and his hours of employment were from 12:00 o’clock midnight to 7:00 o’clock the next morning. His duties were to keep the boilers of the mill fired so that steam would be ready for use when the mill resumed its working day operation on the following day.
“On the date which the plaintiff contends that he was injured, he states that he went to work as usual and some time later as he was shoveling a shovelful of sawdust into the firebox under the boiler, that he slipped and felt a sharp pain in his back; that he went to the other end of the boiler and sat down for a few minutes and soon returned to again attempt to shovel sawdust into the boiler, but as he made the effort to do so, he states that he fell unconscious and thereafter became so sick, nauseated and hurting that he was unable to continue his work. He laid down and was discovered by the nightwatchman, who went to get a fellow employee to take over the job and to continue it for the rest of the night. The parties were unable to call a taxi to carry the plaintiff to his home, consequently called the Police Department and a policeman came to the mill site and carried the plaintiff to his home.
“It is the contention of the plaintiff that he was injured while engaged in his employment and that he is entitled, therefore, to compensation under the Workman’s Compensation Law of this State.
“There are no witnesses who were present at the time of the claimed injury and the sole testimony upon which the Court is asked to award this plaintiff compensation is the testimony of the plaintiff himself. Now, it is true under the laws of this State that compensation may be granted to a party upon the testimony of the plaintiff alone, provided that testimony is strong and convincing and provided such testimony is backed up by corroborating circumstances.
“In the case before the Court, the plaintiff, Henry Jones, offered the testimony of at least three witnesses, any of whom could have corroborated his testimony, but none of whom did. The first of these witnesses was another colored employee, a co-laborer with the plaintiff, named Joe Washington. It seems that Joe Washington did the same type of work as the plaintiff, but worked in the earlier part of the night and was relieved at 12:00 o’clock midnight by the plaintiff. Joe Washington testified that when the plaintiff, Henry Jones, came to work on the date in question, that he was late and some discussion ensued in which the plaintiff, Henry Jones, related to Joe Washington the fact that he was sick and barely able to go to work, but that he intended to try to go to work and see if he could continue the job until the next morning. This is denied by Henry Jones. Henry denies that he made any such statement that he was sick at the time that he came to work, but the testimony of Joe Washington is more convincing to the Court and the Court believes that the testimony of Joe Washington is true. Furthermore, after the nightwatchman found the plaintiff, Henry Jones, laying down and claiming to be unable to work, the nightwatchman went again to the home of Joe Washington and brought him back to the mill for the purpose of relieving Henry Jones. Joe Washington returned to the job and Henry Jones never made any claim to Joe Washington at that time that he had suffered any accident or any injury, simply related to him the fact that he was sick and hurting all over and unable to continue in the work. Henry Jones likewise denies this portion of Joe Washington’s testimony, but the Court believes that Washington was a truthful witness.
“The second witness who could have corroborated Henry Jones in his contention *309 that he was injured while working on the job was Mr. Smith, who was the nightwatchman. Mr. Smith simply stated that he came around to the place where Henry was working a little before 1:00 o’clock A.M. and found Henry laying upon the runway; that Henry asked him to call Joe Washington and tell him he was sick and the substance of the testimony of Mr. Smith is that Henry Jones made no contention to him whatever or any statement to him whatever indicating that he had in any manner been in any accident or suffered any injury while in the course of his employment, but simply was making the statement that he was sick and unable to continue the job. Henry Jones denies this testimony of Mr. Smith, and the Court believes that Mr. Smith was truthful in his testimony.
“The third of the witnesses who could have corroborated the testimony of Henry Jones was that of the police officer who came to carry the plaintiff to his home. That officer was James A. Hinton. Mr. Hinton testified that when he came to the place he found Jones and that Jones simply contended that he was sick and asked him to carry him;to his home, claiming to be sick at his stomach and made no contention whatever to the officer that he had suffered any accident or any injury while in the course of his employment. All of these parties testify very positively that there was nothing in the acts or the actions or the statement of Henry Jones to indicate that there was any accident that took place on the job on the night in question.
“Furthermore, the testimony shows that Henry Jones never actually reported any injury to anybody for several weeks and the Court is of the opinion that Henry Jones was sufficiently aware of the situation and of his rights to know that if he had been injured on the job to report that accident to the office, that it might be looked after. This he did not do and this is a fact and circumstance that helps to convince the Court that no accident actually took place on the job.
“Then there are certain statements made by the plaintiff, Henry Jones, which the Court is convinced were false statements. On his examination he was asked the specific question whether or not he had ever had any back injury before or whether he had been to any physician or doctor with a back injury before and he denied it, yet Dr. Bleich of Green Clinic testified that in December of 1959, several months before the accident which he claims to have happened in this case, that the plaintiff came to him claiming with back and legs, pains, incidentally, which are similar to the ones that he now claims were caused by an accident which took place on February 12th, 1960.
“There are other statements which convinces the Court that Henry Jones was not truthful in his testimony in this case.
“The law is settled in this State in Compensation suits as in other suits, the plaintiff has the burden of establishing the facts necessary to present his case by a preponderance of the evidence. The plaintiff in this case has not carried the burden of establishing that he suffered any traumatic injury by a preponderance of the evidence, nor is his testimony corroborated in any manner by the facts or circumstances or the testimony of other witnesses. Consequently the Court is convinced that the demands of the plaintiff should be rejected.
“For the reasons which have heretofore been assigned, there will be judgment in this case rejecting the demands of the plaintiff at his own cost.”
Our review of the record, including the transcript of testimony, reveals no error, manifest or otherwise, in the findings of fact by our brother below. Also, we fully concur in his summation of the law as it relates to the burden of proof resting with plaintiff and especially where the claimant is the sole witness to the alleged accident. See Sneed v. Lumberman’s Mutual Casualty Co. (La.App. 2 Cir., 1960) 126 So.2d 421.
*310 In addition to the contention that he had sufficiently proved an accident, appellant specifies error in certain rulings of the trial court in sustaining objections of defendant to questions designed to elicit from witnesses placed on the stand statements made to them by plaintiff. This argument is founded in the legislative mandate of liberal conduct of trials involving claims for workmen’s compensation payments. However, the record discloses that the rulings complained of excluded certain statements made by plaintiff to others but did allow testimony as to the substance of plaintiff’s complaints made in the presence of the witnesses. We believe such ruling to be in accord with the rules of evidence and the spirit of our workmen’s compensation law and find no error in the rulings of the court. Additionally appellant was not prejudiced by such ruling as the evidence was admitted in a different form.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
Affirmed.