AYRES, Judge.
This is an action under the Workmen’s Compensation Statute, LSA-R.S. 23:1021 et seq., wherein plaintiff seeks to recover of his employer’s insurer compensation for total and permanent disability on account of accidental injuries allegedly sustained in the course and scope of his employment on February 27, 1961.
While engaged in removing paint and rust from a used lawn mower by means of a portable electric sander, plaintiff claims a foreign substance got in his left eye, causing a loss of vision. The defense is that plaintiff was not involved in an accident; nor did he receive accidental injuries while performing the duties of his employment.
From .an adverse judgment, plaintiff prusecutes this appeal.
Of primary concern are questions as to whether plaintiff was involved in an accident and whether he received accidental injuries in the scope and course of his employment resulting in the loss of vision of his eye. In considering the evidence on these issues, the court concluded plaintiff had not sustained his burden of proof.
Whether plaintiff has borne this burden, such fact must be determined by certain principles of law, well established in the jurisprudence. For instance, it is an elementary rule that a plaintiff in any civil action must establish his demands by a reasonable preponderance of the evidence; that an action under the Workmen’s Compensation Statute constitutes no exception to the rule. Roberts v. M. S. Carroll Co., La.App.2d Cir., 1953, 68 So.2d 689; Driggers v. Coal Operators Casualty Co., La. App.2d Cir., 1954, 73 So.2d 602; Robbins v. Chicago Mill and Lumber Company, La. App.2d Cir., 1954, 76 So.2d 635 (writs denied) ; Page v. Tremont Lumber Company, La.App.2d Cir., 1958, 108 So.2d 1; Varnell v. Roy O. Martin Lumber Company, La. App.2d Cir., 1959, 113 So.2d 83; Card v. Southern Builders, Inc., La.App.2d Cir., 1960, 117 So.2d 675.
The rule is likewise well established that the testimony of a claimant for workmen’s compensation may alone be sufficient to establish his claim, where his statements are supported by surrounding facts and circumstances and there is nothing to discredit his account of the accident and the resulting disability. Montgomery v. Walter Kellogg Lumber Company, La.App.2d Cir., 1960, 120 So.2d 353 (writs denied); Waters v. L. L. Brewton Lumber Co., La.App.2d Cir., 1960, 120 So.2d 842; Carter v. Dinkeldein, La. App. 4th Cir., 1960, 125 So.2d 201; Sneed v. Lumbermen’s Mutual Casualty Company, La.App.2d Cir., 1960, 126 So.2d 421 (writs denied).
By the aforesaid rules, the evidence in the instant case must be considered and *432 weighed. A brief statement as to the proof offered is therefore in order.
Plaintiff had worked for several years for his employer as a common laborer. On the occasion he is said to have been injured, plaintiff claims he was alone in a workshop located in the rear of the place of business; that, while “sanding down” a mower, removing paint and rust, or dust, therefrom, some foreign substance got in his eye. He claims to have related this incident to several of the employees; and that on the following day he saw Harold Montgomery, his employer, and told him of the incident. All of these parties testified plaintiff had made no such report to them; nor had plaintiff advised them that he had received any injury to his eye. Some of the employees had, however, noticed a white spot in plaintiff’s eye.
Had plaintiff got paint, rust, or any other substance in his eyes while performing his duties, as claimed by him, it would only appear natural that he would have complained to his fellow employees or to the manager of the business. This, he did not do, unless we believe his testimony alone and disregard that of all the other witnesses. There were, therefore, no facts or circumstances established to corroborate the testimony of plaintiff.
Plaintiff was sent by his employer to Dr. Harold H. Harms, a specialist in treatment of the eyes, who, upon examination, found no evidence of any foreign substance in plaintiff’s eye. He did find, however, an immature cataract which, in his opinion, was the source of the problem of plaintiff’s lack of vision in his left eye.
Dr. B. Morris Phillips, an ophthalmologist, made an examination of plaintiff at his counsel’s request on December 20, 1961. This examination, which he characterized as thorough, disclosed a cataract in plaintiff’s eye, with glaucoma, a hardening of the eyeball or intraocular pressure on the eye. The examination further revealed that plaintiff had an inflammatory disease within the eyeball itself, denominated iridocyclitis, which was said, at the time, to be inactive, already healed, leaving scars. The doctor found that the left eye was turned outward, that is, to the left, which was, more or less, blind to everything except light. The doctor testified it would be difficult to understand how any of the aforesaid could be produced by paint, dust, or rust getting in the eye, although he conceded it was possible that such foreign particles could aggravate iridocyclitis.
No record of plaintiff’s treatment or of the physicians’ findings or conclusions was offered relative to plaintiff’s confinement and treatment in the Veterans Hospital at North Little Rock, or in the Confederate Memorial Medical Center at Shreveport.
The evidence clearly fails to substantiate plaintiff’s claim that he sustained accidental injuries from which he lost the sight of his left eye.
Therefore, we find no error manifest in the judgment appealed, which is, accordingly, affirmed at plaintiff-appellant’s cost.
Affirmed.