CHASEZ, Judge.
Defendant takes this appeal from an award of maximum workmen’s compensation benefits to plaintiff, William B. Moody, for total and permanent disability resulting from a hernia.
It is not denied that, at this time, plain-tiff has a fully developed hernia; that he is disabled from performing the duties required of a common laborer; and that an operation is necessary to correct the condition.
Defendant denies liability for compensation payments on the grounds that the hernia plaintiff presently has, is the same hernia for which he received a settlement payment some years previous on behalf of another employer.
Plaintiff has a history of hernia trouble. As early as 1956 when he was about 16 years old he sustained a left inguinal hernia while chopping wood at his home in Mississippi. In 1957 he underwent an operation at Charity Hospital in New Orleans to correct this condition.
In 1961 while employed by Rosson-Rich-ardson Company, he suffered what is described as a recurrence of the 1957 hernia and was paid, as a settlement of any workmen’s compensation claim, the sum of $1,-850.00. He has not had an operation since 1957.
*260 Tlie incident on which the present suit is based occurred on August 10, 1964, when, while lifting one end of a heavy steel “H” beam weighing about 300 pounds, he experienced a sharp pain in his groin followed by nausea.
There is uncontradicted expert medical testimony in the record to the effect that a hernia, once developed, does not cure of itself and is not cured by medication; there must be an operation to correct such a condition. Thus the fact that the hernia in this case was pre-existing is incontrovertible.
The record reveals, however, that from 1961 rtntil August 10, 1964, a period of about 3 years, plaintiff worked for no less than seven employers, performing heavy labor, before going to work for defendant herein, five of whom gave him pre-employment physical examinations, none of which indicated any herniated condition. It further reveals that defendant herein did not give him such an examination. The last examination was by Dr. Sam Logan on May 19, 1964, about three months before the accident herein, Dr. Logan was aware of the fact that plaintiff-appellee had a left herniaplasty in 1957 but at the time of the examination he found (1) that plaintiff was in good health, (2) that he did not have a hernia, and (3) both right and left inguinal rings were closed and strong.
Immediately following the accident of August 10, 1964, Dr. Francis Gidman examined plaintiff and found a left inguinal hernia, the scar from the 1957 operation indicating to him that it was recurrent.
In Parish v. Fidelity & Casualty Co. of New York, La.App., 124 So.2d 234, it was said:
“The principle is well established in the jurisprudence of this State that the employer takes the employee as he finds him. The worker who is abnormally susceptible to disability from an accident is entitled to the full protection of the compensation statute even though the same accident would have caused little or no harm to a healthy worker. Nor is it important that the diseased or weakened condition might alone have eventually produced disability. Malone’s ‘Louisiana Workmen’s Compensation,’ page 278, § 232. An employee’s disability is fully compensable when precipitated by an industrial accident, even though caused, also, by a contributing preexisting dormant physical condition or predisposition.” (Citing cases.)
See also Rhodus v. American Employers Ins. Co., La.App., 9 So.2d 821; France v. City of New Orleans, La.App., 92 So.2d 473; Porter v. Dennis Sheen Transfer, Inc., La.App., 130 So.2d 450.
We think this case comes within the above stated principles. Conceding that the hernia complained of was in fact existing at the time plaintiff went to work, it is clear from his work record during the preceding three years that it was not disabling to him. While it is true that any hernia is considered disabling for purposes of workmen’s compensation claims, it must be kept in mind that this is because the condition is such that once existing, even if not disabling, it can become so at any moment. As indicated by the medical testimony, most people with hernias are unaware of their condition until something happens that causes the hernia to protrude. This is what occurred in this case. Plaintiff did not have an operation in 1961 because he did not think he needed one. He had no trouble working after the initial period of rest and, after all, the 1957 operation did not seem, to him, to have done much good. He would not have been required to submit to an operation of this sort under any circumstances. It is probable that if he had not elected to settle the claim in 1961 he would at that time have been awarded maximum compensation benefits, but he chose to settle and after a period of rest felt he could go back to work, and did in fact do so, without any trou *261 ble for three years until the accident now complained of.
We agree with the trial court that there is no doubt that plaintiff is presently totally and permanently disabled as a result of the industrial accident of August 10, 1964, which occurred in the course and scope of his employment and that, therefore, he is entitled to workmen’s compensation benefits in the amount of $35.00 per week during the period of disability, not to exceed 400 weeks.
We also agree that in this case the employer or insurer cannot be said to have acted in an arbitrary and capricious manner in denying compensation benefits and that claimant is thus not entitled to penalties.
For the foregoing reasons, the judgment of the court below is affirmed, all costs to be paid by the defendant-appellant.
Affirmed.