YARRUT, Judge.
This is an appeal by Defendant, compensation insurer, from a judgment awarding Plaintiff $35.00 per week for 400 weeks based on total and permanent disability. Plaintiff, an electrician, was allegedly injured on February 8, 1965, as he attempted to help lift a welding machine while working for Fischbach and Moore Maritime Electric Company at Taft, Louisiana.
*136 Defendant’s appeal is based on four grounds: (1) that there was no accident; (2)that if there were an accident, Plaintiff did not suffer an inguinal hernia as the result thereof; (3) that even if a hernia does exist, it does not render Plaintiff totally and permanently disabled; and (4) Plaintiff has forfeited his right to workmen’s compensation benefits by virtue of his unreasonable and arbitrary refusal to have the alleged hernia surgically repaired.
With regard to the first' contention, Defendant relies on the fact that Plaintiff did not report the accident until three days after it allegedly occurred, and that he worked during the interim. However, Plaintiff testified he reported the injury to his foreman (Harold Scheffler) on February 8th; that, on February 9th, while working on a pipe rack, he had to quit and get down because he was in severe pain and discomfort; that he consulted his family physician, Dr. Joseph Ciolino, the following day because he continued to suffer considerable pain. When Mr. Scheffler was asked whether or not Plaintiff promptly reported the accident to him on February 8th, he replied that Plaintiff may have done so, but that he did not remember. However, a fellow worker (Howard Broussard) testified Plaintiff complained to him on February 8th immediately after attempting to lift the welding machine.
Defendant relies on Waters v. L. L. Brewton Lumber Co., La.App., 120 So.2d 842, which is not apposite here because, in the cited case, the Plaintiff did not report the alleged hernia for a month. From all the evidence we agree with the trial judge’s conclusion that there was an accident.
With regard to the nature and extent of the injury incurred, Dr. Vernon Kroll, a surgeon, testified Plaintiff had a definite left inguinal hernia. On the other hand, the only other testifying physician, Dr. Arthur C. Davidson, also a surgeon, found no hernia. However, both physicians testified that physical examinations do not always disclose an existing hernia.
Three medical reports, in which the specialties of the physicians are not disclosed, were admitted into evidence. One report by Dr. Ciolino stated that Plaintiff had a small inguinal hernia. One by Drs. Lyons, Baker and Paine stated Plaintiff had a “possible small left inguinal hernia.” The other, by Dr. Robert Shaw, stated there was no hernia, but that some urological condition was causing Plaintiff’s pain. Again we find the trial judge was justified in concluding Plaintiff suffered a hernia as a result of the accident.
A more difficult question is whether Plaintiff should be considered totally and permanently disabled because of the hernia. Plaintiff admitted that he worked steadily as an electrician since the time of the accident, earning $9,000 in 1965, and $13,000 in 1966. However, he said he did this by avoiding as much “heavy” work as possible. It is well settled that a hernia is generally totally disabling for a manual worker. Moody v. H. B. Fowler & Co., La.App., 181 So.2d 259; Smith v. Houston Fire & Casualty Insurance Co., La.App., 116 So.2d 730; Malone, Louisiana Workmen’s Compensation Law and Practice, sec. 276, and the authorities cited therein.
We must now decide whether or not the fact that Plaintiff was able to continue in his trade, earning a substantial living, exempts him from this general rule; and whether or not he was working in substantial pain as he testified.
When an injured employee can not continue to perform the same or similar work without considerable pain, he may be classified as totally and permanently disabled even though, because of economic necessity, he continues to do the same or similar work he was doing when injured. Boyer v. Gulf Tool Company, La.App., 174 So.2d 147; Zito v. Standard Accident Insurance Co., La.App., 76 So.2d 25, and the cases cited therein. Although Plaintiff testified that he had more pain when he attempted to do heavy work, he also stated *137 he was in pain while doing light work. In this regard, he testified as follows:
“Q. In connection with the work that you have done, during the past two years, since you were hurt, Mr. La-Rosa, have you had any problems with reference to your left groin?
“A. I have had severe pain very severe pain whenever I’m trying to do the heavy work or even when I do light work. It gives me pain when I am sitting here. I get shooting pains sometimes.
* * * * *
“Q. You didn’t miss any time on any of these jobs that I’ve discussed with you, up until now, as the result of the injury or illness of any type did you ?
“A. I am in pain at all times. I was working on the jobs. If you have four children and you have them in school, you have to work.”
Although Plaintiff did attempt to minimize the amount of heavy work he had performed since the accident, the record reveals he did a considerable amount of it, and often had to quit his employment when the work became too strenuous. In fact, Mr. Andrew E. Benson, an employee of Benson Electric Company, stated he observed Plaintiff doing heavy work during the months of September and October, 1965. Plaintiff testified he was in pain while working for the Benson Electric Company. His testimony that even light work caused him pain was corroborated by Mr. Broussard, a fellow electrician. Mr. Broussard testified Plaintiff complained to him of groin pain on two jobs while Plaintiff was engaged in light work. Further, there is evidence that Plaintiff will have to continue to do some heavy work, i. e., the testimony of John Guirovich, Jr., the secretary of the Electrical Workers Local No. 130, of which Plaintiff is a member. Mr. Guirovich testified the great majority of the Union’s work is of a heavy construction and industrial nature with little “light” work; that it is impossible to send a man out on the job and make certain he will get only “light” work; and that an employee must find out for himself the nature of the work once he gets to the job.
Dr. Kroll testified Plaintiff should not do any heavy work including climbing, lifting or straining, and that the chances were his hernia was going to get larger if he continued such heavy work.
With regard to Plaintiff’s complaints of pain, Dr. Kroll testified as follows:
“Q. Did you feel the complaints he gave on physical exertion, depending on the amount of exertion, he has recurrent bouts of pain in the groin, in the area of the hernia, do you think they would be justifiable complaints ?
“A. I think he may have pain with the increase in the inter-abdominal pressure. I think he is putting stress on the inguinal nerve running through the canal, and which is stretched or pushed upon by a hernia, and the distribution of the pain he describes is typical of that, the testicular pain with the pain into the groin area * * *
We find sufficient evidence in the record to indicate Plaintiff is, and has been, working in substantial pain, which makes him totally and permanently disabled.
The final issue is whether or not Plaintiff’s refusal to have a hernia operation, as recommended by Dr. Kroll, justifies Defendant’s refusal to pay compensation. Generally, our jurisprudence has been to the effect- that a hernia operation will not be ordered by the court under any circumstances. Hall v. Mengel Co., La.App., 191 So. 759; Smith v. Mitchell, 88 So.2d 472; Malone, Louisiana Workmen’s Compensation Law and Practice, sec. 234. However, Defendant relies on two cases, Reed v. Calcasieu Paper Company, 233 La. 747, 98 So.2d 175 and Sumrall v. J. C. Penney *138 Company, 239 La. 762, 120 So.2d 67, both of which involved operations to correct defects as a result of previous hernia operations. In both cases the court said that, generally, the surrounding circumstances and conditions in each compensation case must be considered in determining whether or not the refusal of a workman to submit to an operation is so unreasonable as to prevent recovery of compensation. However, in each of these cases the court refused to order an operation on penalty of forfeiting compensation.
With regard to the instant case, Dr. Kroll testified that while he recommended the operation and considered Plaintiff a good surgical risk, there was always a risk when either a general or spinal anesthetic is administered, and in this case the risk would be increased because of Plaintiff’s size, weight and occupation.
Under all these circumstances, we do not find Plaintiff’s refusal to undergo the operation is so unreasonable as to deprive him of compensation. The judgment appealed from is affirmed; Defendant to pay all costs in both courts.
Judgment affirmed.