Plaintiff was employed by the defendant W. Horace Williams Company, engaged at the time, in building the army camp at Camp Polk in the Parish of Vernon. He claims that on April 5, 1941, while engaged in the performance of his duties, he and another employee were carrying what is described in his petition as a heavy wooden table-like concern about twelve feet long. He alleges that in walking backwards while carrying this article, he stepped into a hole while straining in holding up his end of it and that he seriously and permanently injured and impaired the nerves, ligaments, muscles and bones in the area of his left sacro-iliac joint and lower spine, and that whether as a direct result of the accident or a natural result of the said impairments, the nerves throughout his body, his spinal cord, vertebrae of his back and spine have been seriously and permanently impaired and that his kidney and digestive organs are no longer functioning properly. He sets out that some time after he was injured he was provided by the defendant with a physician who examined him and treated him for many weeks but in spite of all his attention he lost weight from about two hundred pounds to about one hundred and thirty-five pounds, and has not obtained any relief from the pains he suffers.
He alleges that he has been paid compensation in the sum of $173.98, the last payment having been made on July 31, 1941, and the defendants have refused to pay any more as they contend that they are not liable for his present diseased condition.
He prays for judgment for compensation at the rate of $16.16 per week for four hundred weeks beginning April 5, 1941, less the amount already paid him. He also prays that the fees of the medical expert witnesses he will call be taxed as costs and that the court also fix the fee of the attorney who is representing him herein.
In its answer the defendant admits that the plaintiff was employed on April 3, 1941, but avers that he received a weekly wage of $16. It admits further that on that day while carrying the apparatus referred to by him, he stepped into a hole and as a result of that accident, sustained a minor injury to his back. It is denied that there exists any liability for any of the various conditions described by the plaintiff as there is no causal connection between any of them and the accident he may have sustained. Defendant admits that it paid him compensation for fifteen weeks, which, it contends, was all he was entitled to.
On the issues as thus presented to him, the district judge rendered judgment in favor of the plaintiff awarding him compensation at the rate of $14.04 per week for four hundred weeks less the amount he had already received and also fixed the fees of the expert witnesses as well as that of the plaintiff's attorney. The defendant has appealed and plaintiff has answered the appeal asking for an increase in the award of compensation.
We have here the case of a man who apparently sustained a very minor accident and who claims that as a result thereof, he is a physical wreck and has lost nearly seventy pounds in weight within a period of a few weeks. The trial judge did not assign written reasons for judgment but in deciding the case in favor of the plaintiff he evidently attributed his present physical condition to the accident.
Four doctors testified as witnesses for the plaintiff and four as witnesses for the defendant. The testimony of Dr. Rudolph Strother is rather indefinite. He thought that there might be some connection between the loss of weight and the pain which plaintiff complains of in the sacroiliac region. He gives no convincing reason in support of his opinion however and finally states that the loss of weight may be due to something that is preying upon the man's nerves.
Dr. G.W. Smith found tenderness of the sacro-iliac joint upon making a rather superficial examination. He seems to be more or less at a loss to account for the loss of weight and in the absence of any other reasons appearing in the history as given to him says that it must have been caused by the impairment resulting from the accident.
Dr. F.P. Jones stated that in his opinion the very fact that he had a curvature was significant that he might have a little pinched nerve somewhere which caused all of this psychological trouble. He seems *Page 803 
to be of the opinion that it was a case of sacro-neurosis resulting from the "hurt" as he expresses it.
Dr. M.S. Stephens expresses the opinion that on the history of the case, as no other cause could be assigned for the loss of weight he could see that the spinal injury bore some relation to it. His testimony seems to attribute the condition to the nerves involved in the dorsal area. Rather significantly however he stated that shock and pain are largely the cause of the loss of weight and yet he admitted that he found no evidence of any shock which would have aroused the nervous condition into such action as found here.
Coming now to the testimony of the doctors for the defendants, we find that of Dr. T.H. Watkins who made laboratory tests and X-rays of the spine and gastro-intestinal tract. He could find no sign of nerve injury and gives good reason for eliminating such injury in considering plaintiff's present condition. His examination led him to exclude all such causes as cancer of the stomach and bowels, diabetes, tuberculosis, and syphilis in considering the loss of weight. These would have been natural causes of such rapid decline but as he could find none he was unable to account for the condition, unless it had reference to an instable metabolism. By that he meant the power of the body under natural conditions to assimilate the foods that are eaten.
It is shown by the evidence that the plaintiff had undergone a serious mental condition before and that in July, 1940, he had been committed to an institution for mental diseases, at which time he had lost weight and exhibited some other symptoms as are indicated in his present condition. Dr. Watkins could find no connection between the present condition and the injury plaintiff complains of having received and he is definitely of the opinion that the loss of weight is the result of psychosis, the loss of metabolism.
Dr. G.C. McKinney an expert in radiology found on examination that there was no abnormality with reference to the vertebrae or spine. He stated that any injury in the sacro-iliac and spinal area which would cause a pinching of the nerves would necessarily show in an X-ray examination and that there would be objective symptoms of such a condition. This doctor stated that he had seen many injuries to the spine during the last twenty years but had never seen such a loss of weight occur from such an injury as is described in this case.
Dr. Frank J. Cox seems to be of the opinion that to produce such a result as the condition of the plaintiff there would have to be some local damage to either the muscles cells or the connective tissue elements. It would be a damage that would be followed by serious consequences and he does not believe that a minor injury of itself can produce symptoms of a generalized nervous instability, no matter whether such instability exists or not. He could see no connection between a minor trauma and a complete breakdown of the nerves such as is found.
Dr. H.A. Dew who was in charge of the hospital at Camp Polk at the time, treated the plaintiff when he was injured and his testimony, it would seem, would be of perhaps a little more value than that of the other doctors because he carefully observed him during this period of treatment and appears to have been very interested in the case. He considered it as one of probable wrenched tendons of the muscles of the back and set the period of disability at such time as ordinarily it would take for a man to recover from such injury. He found that the plaintiff continued to complain however, that he lost appetite and complained of loss of weight. Like some of the other doctors he found the man to be very emotional, frequently breaking down and crying. He says that after repeated examinations he could not satisfy himself regarding the case so he suggested to the plaintiff that he go to a private clinic for a complete neurological and gastro-intestinal examination. He seems to have had the idea that plaintiff might have been affected with a malignant cancer as that was a most logical possibility for the loss of weight, but with the equipment he had on hand, he could not prove nor disprove that he had cancer. He said that definitely he was of the opinion that there was some other cause than the accident for the condition.
The foregoing summary of all the medical testimony leads us to the conclusion, as expressed by Dr. Dew, that it does not seem logical that the minor accident which plaintiff describes himself by saying that when it happened he did not even fall to the ground, could have produced the condition he now complains of *Page 804 
and which no doubt exists. Had he sustained an aggravated injury to the spine or to the sacro-iliac joint, from which it had been shown that very probably his whole nervous system radiating from that joint would have flared up and resolved itself into a neurotic condition causing the loss of weight, he then would have presented a case entitling him to compensation. But we cannot conclude from the evidence that the accident was that serious and the preponderance of the medical testimony does not justify us in holding that that is what happened. Our impression, gathered from the medical testimony, is that this unfortunate man is the victim of a far more serious condition. He has failed to show that it has any causal connection with the accident that happened, and this, of course, he was required to prove to a legal certainty before he could recover. Beard v. Mathieson Alkali Works, Inc., La.App., 168 So. 730.
As we find ourselves unable to agree with the judgment rendered in the district court, it becomes necessary for us to reverse it, and accordingly,
It is now ordered that the judgment appealed from be and the same is hereby reversed, set aside and annulled, and it is further ordered that there be judgment in favor of the defendant and against the plaintiff rejecting his demand and dismissing his suit.
DORE, J., concurs.