This is a suit brought by a widow, on her own behalf and for her minor children, for compensation for the death of her husband who was an employee of B.F. Trappey's Sons, Inc. Her husband was engaged as one of the defendant's truck drivers and died as a result of an accident sustained by him on January 17, 1940.
There is no dispute on the question of liability of the compensation insurance carrier, the sole defendant in the suit. Plaintiff alleges in her petition that she is entitled to recover for herself and her minor children three hundred weekly installments of compensation insurance of $12.16 each, beginning January 17, 1940, subject to a credit of thirty five weeks which was paid by the insurance carrier at the rate of $7.80 per week. She alleges further that prior to and at the time of her husband's death, he was earning an average weekly wage of $18.70, sixty-five per cent of which is $12.16 per week and which amount she claims she is entitled to receive for herself and her minor children, less whatever has already been paid. She prays for judgment accordingly.
The contention raised in the defense by the insurance carrier is that as a truck driver, plaintiff's husband was paid a basic wage of thirty cents per hour for forty hours per week and therefore his weekly wages amounted to only $12. As sixty-five per cent of $12 is $7.80, that is the amount of compensation it claims his widow is due and that is what she was being paid regularly each week. Therefore the only issue in the case is with regard to the amount of compensation that is actually due this widow and her children for the death of her husband, the deceased employee. There was judgment in the district court after trial of the case, in favor of the plaintiff, fixing the amount of compensation to be paid at the sum of $10.14. This, it is noted, is compensation based on an average weekly wage of $16.16 instead of $18.70 as is claimed in the plaintiff's petition. In brief of her counsel it is urged that in addition to the wage which the deceased employee was paid he received a certain sum occasionally in reimbursement for certain expenses paid by him while on the road operating his truck in the interest of his employer. Counsel contends that in calculating the decedent's wages these reimbursements have to be taken into consideration and as they were actually part of his wages the amount of compensation due him should be based on the total amount received by him including the same. If counsel wanted to urge his contention in this court and have the judgment amended, he should have answered the appeal. As he did not do so, the question raised by him cannot be considered.
Upon the main issue that is presented, we find that the judgment of the lower court was correct and it must be affirmed.
This deceased employee came under the provisions of the Federal Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq., and counsel for the defendant makes the point that under that law as the employee's wages are fixed at a certain basic rate and he is limited to forty hours work per week, the contract of hiring between him and his employer is controlled by the provisions of that law and compensation is governed accordingly. That is how the employee's wage in this case is fixed at $12 per week as, it is contended, he was paid at the basic rate of thirty cents an hour for forty hours work. However, it is shown that plaintiff's husband almost invariably worked more than forty hours per week and was therefore entitled to overtime under the further provisions of the same law, for which he was paid time and one half in wages, or forty five cents per hour. The time charts introduced and filed as evidence substantiate this, and as a matter of fact, it is not disputed by the defendant. It strikes us therefore that in arriving at what was the contract of hiring between the parties, that feature of the Fair Labor Standards Act as well as the other has to be taken into consideration. Defendant cannot rely, for its interpretation of the contract of hiring, on one provision of the law and ignore another when the both are so closely interrelated. *Page 50 
The issue presented by the insurance carrier in this case is the same as was raised in the case of Abbott v. Swift Co.6 So.2d 683, recently decided by this court and in which the same contention as is now made by the defendant was rejected. We find no reason to change our views and opinion as therein expressed and for the same reasons as therein stated, the judgment appealed from will be affirmed.
Judgment affirmed at the costs of the defendant, appellant herein.