In the opinion handed down in this case on December 29, 1942, and now reported in, La.App., 11 So.2d 48, it is stated that as counsel for plaintiff had not answered the appeal we could not give consideration to his request that the judgment be amended so as to include, as a part of the wages of the deceased employee, certain sums of money which were occasionally reimbursed him for expenses paid by him while on the road operating his truck in the interest of his employer for the purpose of computing the rate of compensation to be paid. Counsel has filed an application for re-hearing, calling our attention to the error and over-sight on our part in failing to have noted that plaintiffs, as well as the defendant, had taken a devolutive appeal. Counsel is absolutely correct as, in checking over the extract from the minutes of court filed in the record, we find that on the same day that defendant was granted an appeal, he also, in open court, moved for a devolutive appeal on behalf of the plaintiffs which was duly ordered. The appeal became effective at once, without the necessity of having to furnish a bond, as plaintiffs had *Page 612 
been permitted to proceed in forma pauperis as provided for by Act 156 of 1912 as now amended by Act 421 of 1938. It now becomes necessary for us to pass upon the question that is raised on this appeal.
The contention made is that the lower court, in computing the weekly wage of the deceased employee, failed to take into account the difference between $18 and $15.60, or the sum of $2.40 which the employer's statement showed he received for the average week, and which it is urged was additional compensation to cover his expenses, such as board and lodging, while on the trips he had to make in his capacity as a truck driver. In support of this contention we are referred to the case of Haas v. Globe Indemnity Co., 16 La.App. 180, 132 So. 246, in which it was held that board, lodging and laundering furnished the employee and his wife were properly taken into consideration in computing the average weekly wage of the injured employee in order to determine the rate of compensation to which he was entitled. In that case, however, it was shown that the board, lodging and laundering were furnished the employee as part of his weekly wage, in addition to the sum of $15 cash, which he was paid each week. In the instant case, the amount paid the deceased employee was merely a reimbursement of the expenses he himself was put to whenever he had to go on a long trip, some of which occasionally took him as far as San Antonio and Dallas, Texas, and others to points in Mississippi and Arkansas. That, it seems to us, is made plain by the testimony of Mr. W.H. Trappey, secretary and treasurer, and bookkeeper of the employer. When asked the question: "When those truck drivers, including Amelius Delcambre, went on such trips, they would meet and pay their own expenses such as board and lodging?" he answered: "That is right." Further when asked: "So then, when the employees were paid each week, B.F. Trappey's Son, Inc., reimbursed and paid to the truck drivers the amount of expenses for such a trip?" he answers: "A good portion of the expenses were paid." Asked then to explain the entries made on his books showing the payment of these expenses over and above the total amount of the wages calculated by hours of work and the basic rate of pay, he states again that the over-plus was the amount paid to the truck drivers covering the expenses incurred by them on their trips.
That is the only testimony found in the record with regard to the payments of these expenses, and clearly the only interpretation we can give to it is that they amounted to nothing more than the reimbursement or the re-payment to the employee of any amounts he may have incurred and paid in the way of expenses while traveling on one of his trips which took him away from home. It was not in the nature of additional pay or of extra wages received by the employee as in the case relied on by counsel, and cannot, as in that case, be taken into consideration in computing the average weekly wage received by this deceased employee in order to fix the rate of compensation at which his widow and children are entitled to be paid.
For these reasons we remain convinced that the original decree herein rendered is correct and a rehearing is therefore refused.