13 So.2d 855

BUXTON v. W. HORACE WILLIAMS
CO. et al.

No. 36865.

April 12, 1943.

Rehearing Denied May 17, 1943.

Julius T. Long, of Shreveport, for applicant.

Cook, Lee, Clark & Egan, of Shreveport, for respondent.

HIGGINS, Justice.

The employee instituted this suit against his employer for 400 weeks compensation alleged to be due him because of an accidental injury to his back resulting in his total and permanent disability.

The defense is that there was no causal connection between the injury sustained and the plaintiff's disability beyond the 16 weeks during which he was paid compensation amounting to $195.52.

After a hearing, the district judge rendered judgment in favor of the plaintiff for 400 weeks compensation, subject to a credit of the amount previously paid, and fixed the fees of the medical experts, as well as the proportionate fee of the attorney.

The defendant appealed and the plaintiff answered the appeal asking that the amount of weekly compensation be increased. Two

of the judges of the Court of Appeal, in the prevailing opinion, held that the medical testimony showed that the plaintiff's injury of itself could not produce the symptoms of general nervous instability from which the plaintiff was suffering and that as his incapacity was caused thereby, he was not entitled to recover therefor. The third member of the court, in a dissenting opinion, pointed out that the majority opinion failed to take into consideration the jurisprudence which holds that where the accident caused injury which aggravated a pre-existing condition, the proximate cause of disability is the accident and that the evidence in this case showed that while the plaintiff had suffered previous nervous and mental disorder, the injury sustained in the accident was the proximate cause of reviving his previous troubles resulting in his disability. 8 So.2d 801. By a vote of two to one, a rehearing was denied.

The plaintiff applied to this Court for a writ of review, complaining that the majority opinion of the Court of Appeal ignored the jurisprudence in two respects: (1) By completely disregarding the lay testimony, and (2) by overlooking the law established by the cases holding that where the accidental injury aggravates a pre-existing disorder or diseased condition of the employee resulting in his disability, he is entitled to recover because the incapacity to work is the proximate result of the accidental injury.

We granted a writ of certiorari and the matter is now before us for review.

The record shows that the plaintiff is a married man, 46 years of age; that for

ten years prior to the time of the accident he weighed between 193 and 212 pounds and had worked regularly on laborious jobs; that in July, 1940, because of a nervous or mental disorder, he was interdicted by the court and placed in a State institution where he remained for four months and was discharged after having his abscessed teeth extracted; that he had been working for the defendant at Camp Polk, Louisiana, doing laborious work, for about three months before the accident, which occurred on April 5, 1941, while he was carrying one end of a heavy cabinet and stepped backward with his left foot into a hole, causing severe strain to his back; and that he immediately complained to the foreman and was sent to the doctor, who treated him, after which he was taken to the hospital at Camp Polk, where he received treatment for about sixteen weeks, during which time he was paid compensation.

The lay testimony shows that the plaintiff was a large robust man weighing about 200 pounds and that he worked regularly at hard labor and had always been in good health, except for the mental and nervous trouble he suffered as a result of financial worries. He had been working regularly for the defendant for about three months with no indication whatsoever of the return of his former troubles when he was injured on April 5, 1941. Sometime prior thereto, he had been working ten hours a day for six days per week and performing his work satisfactorily, thus showing that he was not suffering, while in the employ of the defendant, from either physical or mental disability up to the date of the accident. After the plaintiff was injured, the

defendant's doctor estimated that he would be incapacitated for three weeks and subsequently had him treated for sixteen weeks at the hospital, during which time his weight was reduced from 212 to 126 pounds. He became irritable, lost his appetite, suffered severe pains in his back and left leg and had a hypersensitive condition in his back in the sacroiliac region and, to a great extent, lost the proper function of his left leg, which dragged along as he walked.

The evidence leaves no doubt that the plaintiff is not a malingerer and that he is completely disabled and, as a matter of fact, this is conceded.

Drs. Strother, Smith, Jones and Stevens, expert witnesses called by the plaintiff, testified that since all other causes or diseases which might be responsible for the plaintiff's present disability had been eliminated and that as he was a strong man weighing 200 pounds and had worked regularly before the accident but gradually and progressively grew worse thereafter, the injury he received had aggravated or revived his previous neurotic or nervous condition and, therefore, was the proximate cause of his present incapacity to work. In questioning the witnesses, the trial judge stated that it appeared that the plaintiff had previously recovered his mind and we might say, judging from the testimony he gave in the case, he did not appear to be a person who was then suffering from insanity.

Drs. Watkins, McKinney and Dew, expert witnesses for the defendant, stated that the "minor" type of injury that the plaintiff received would ordinarily clear in

a reasonable period of time and as they had by test eliminated tuberculosis, cancer or any other malady, except his nervous or mental trouble, as the reason for the tremendous loss of weight and nervous condition, it was their opinion that his previous neurotic, mental or nervous condition was entirely responsible for his present disability.

On the other hand, Dr. Cox, one of the expert witnesses for the defendant, made it clear in his testimony, in at least three places, that the injury the plaintiff had suffered could not in itself or solely and alone produce the symptoms of generalized nervous instability.

The issue in this case under the law is not whether the injury was the sole and proximate cause of the plaintiff's present incapacity to work but whether the accidental injury aggravated and brought into active play his previous neurotic, mental or nervous troubles and was, therefore, the proximate cause of his present disability. Behan v. John B. Honor Co., Ltd., et al., 143 La. 348, 78 So. 589, L.R.A.1918F, 862; Donahoe v. Scharfenstein & Son, 154 La. 815, 98 So. 256; Fox v. United Chemical & Organic Products Co., 147 La. 865, 86 So. 311; Connell v. United States Sheet & Window Glass Co., 2 La.App. 93; Henderson v. Louisiana Power Co., 9 La.App. 475, 121 So. 217; and I Schneider's Workmen's Compensation Law, page 609, § 204.

We are of the opinion that the accident superinduced and was the proximate cause of the disability and, therefore, our views are in accord with those ex-

pressed in the dissenting opinion upholding the judgment of the lower court in favor of the plaintiff.

The plaintiff has answered the appeal and asked that the compensation be increased from $14.04 per week awarded by the trial judge to the sum of $16.16 per week. The evidence shows that the plaintiff, previous to and at the time of his injury, had been regularly working eight hours per day at 40 cents per hour and two hours overtime at the rate of 60 cents per hour, making his daily wages $4.40. He was employed six days a week and, therefore, earned $26.40 per week. Sixty-five per cent of that amount is $16.16, the correct amount of compensation which he is entitled to receive. 71 C.J., page 803— verbo Workmen's Compensation, par. 522, and Barrilleaux v. Hartford Accident & Indemnity Co., La.App., 11 So.2d 48. The decree will be corrected accordingly.

There are no complaints as to the amounts allowed the doctors as expert witnesses for their respective fees nor the attorney's fee of one-fifth of the net amount of the judgment.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court of Appeal is annulled and set aside, and the judgment of the District Court is amended by increasing the compensation from $14.04 to the sum of $16.16 per week and, as thus amended, the judgment is affirmed, the defendant to pay all costs of court.

ODOM, J., absent.