155 So.2d 213 (1963)
Mrs. Rose Ella Powell PRICE, Plaintiff and Appellee,
v.
HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Defendant and Appellant.
No. 917.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
Stafford & Pitts, by Grove Stafford, Jr., Alexandria, for defendant-appellant.
Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for workmen's compensation death benefits brought by the widow of Mr. Joe Price, individually and on behalf of her two minor children. Plaintiff alleges that Mr. Price died as a result of a heart attack, causally connected with his work on a right of way crew of the Louisiana *214 Highway Department. The defense is that there is no causal connection between Mr. Price's death and his employment. The trial judge held for the plaintiff. Defendant appealed. Plaintiff answered the appeal contending the lower court erred in denying penalties and attorney's fees, as well as in failing to consider a $4 per day subsistence allowance as part of the weekly wage of Mr. Price.
There is little dispute as to the facts. Mr. Joe Price, 63 years of age, had been employed by the Highway Department for several years as a flagman and truck dumper on highway repair crews. During the latter part of December, 1960, Price was transferred to a crew which cleared rights of way. Price's job was to cut and trim trees with a double-bladed axe. This work was far more strenuous than his previous work as a flagman and dumper. He tried, without success, to obtain a transfer back to his previous work. He worked at this new job for about 40 to 50 days before his death.
On the day of his death, January 30, 1961, Price drove his pickup truck to the job site near his home. After working until noon, he drove home for lunch. Customarily he rested after the noon meal, but on this particular day he immediately drove back to the work site to load his truck with fire wood, which he had cut on the right of way for his own use at home.
Assisted by a fellow employee, he finished loading his truck with the fire wood about 10 minutes before 1 o'clock. He rested this 10 minutes and then returned to work, using his axe to trim a fallen hickory tree. After so working for 30 to 40 minutes he suffered a heart attack and died on the job. The cause of death was acute coronary occlusion.
Also relevant is the fact that in 1949 Mr. Price had been examined by a doctor who diagnosed "hypertensive cardiovascular disease, mild". Thereafter he suffered periodically from heart disease symptoms described by his wife as "indigestion and pains and hurting in his chest a lot, cramps in his legs and things like that".
Under these facts, the theory of the defense is that since Mr. Price had worked at his new and more strenuous duties for 40 to 50 days, he had developed a tolerance for this type of work and had demonstrated that he could do the work without suffering a heart attack; that since the loading of the fire wood on the truck during the noon hour was more strenuous than the axe work, it was the wood loading and not the tree chopping which caused the fatal attack.
To support this theory, defendant introduced the testimony of two doctors. Dr. Robert J. Freedman, a specialist in internal medicine, was persistent in his opinion that since the loading of the wood was extra work not usually done by Mr. Price and since it was more strenuous than the axe work, it is more likely that the wood loading, not the tree chopping, precipitated the "coronary episode."
Dr. Rufus Craig, also a specialist in internal medicine called by the defendant, did not, in our opinion, support defendant's theory of the case. As we understand Dr. Craig's testimony it was his opinion that all of the things done by Mr. Price on that day, which added stress to the heart, contributed to the fatal attack. Dr. Craig mentioned the work done by Mr. Price during the morning hours, the hearty lunch eaten at noon, the failure to take the usual rest, the loading of the wood and the work done in the afternoon as contributing causes. When asked on cross-examination whether he could state that it was the wood loading and not the tree chopping which caused the heart attack, Dr. Craig answered: "I don't think we can. As I have stated in my answer to the first question there, I think it's impossible to separate these two physical activities."
Plaintiff introduced the testimony of two highly qualified experts. Dr. Nicholas J. Chetta, coroner of Orleans Parish for over 12 years, in which position he has performed thousands of autopsies, testified that although *215 the wood loading during the noon hour may have played some part, it was the strenuous tree chopping which Mr. Price was doing at the time he suffered the attack, which was the principal cause of the coronary occlusion.
Dr. Shea Halle, a specialist in internal medicine, called by the plaintiff, testified that although the entire day's activities must be considered, he thought the work which Mr. Price was doing at the time of the attack did contribute.
Under this expert medical testimony, we think plaintiff has proved by a preponderance of the evidence that the axe work being done by Mr. Price contributed to his fatal heart attack. Long ago the courts firmly established the principle that the employer must take the worker as he finds him. Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L.R.A.1918F, 862. The effect of this rule of law is that if the work connected accident combines with other causes, for which the employer is not responsible, to produce the ultimate disability or death, the employer is nonetheless responsible for workmen's compensation. See the discussion in Malone's Louisiana Workmen's Compensation Law & Practice, Section 231 and 232. Since the landmark case of Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625, this principle has been applied to many heart attack cases.
Thus, in the instant case, all the plaintiff had to prove in order to show causal connection, was that the strenuous work being done by Mr. Price at the time of his heart attack was a contributing cause thereto. The pre-existing heart disease, the hearty lunch, the failure to take the customary noon rest and the loading of the fire wood may likewise have been contributing causes, but this does not prevent plaintiff's recovery. See Brian v. Employers Casualty Company, 111 So.2d 161 (2nd Cir. App.1959) and the many cases cited therein.
The lower court denied plaintiff's demand for penalties and attorney's fees. By answer to the appeal plaintiff reurges this demand. Like the trial judge, we are unable to conclude that the defendant was arbitrary or capricious in refusing to pay death benefits. Defendant's theory of the case was supported by at least one highly qualified expert medical witness, i. e., Dr. Freedman. We think this sufficiently supports the defense to remove it from the realm of arbitrariness.
In her answer to the appeal, plaintiff likewise contends the district judge erred in refusing to consider Mr. Price's subsistence allowance of $4 per day as part of his weekly wage. Citing Malone's, Louisiana Workmen's Compensation Law & Practice, Section 329, plaintiff contends this subsistence allowance was a fixed amount which constituted an economic gain to the employee and, as such, was part of the his weekly wage. Defendant contends it was simply a reimbursement for meals and living expense when Mr. Price worked away from home and therefore should not be computed as part of the weekly wage. See Barrilleaux v. Hartford Accident & Ins. Co., La.App., 12 So.2d 611.
Unfortunately, the only evidence in the record regarding this subsistence allowance is the testimony of Mrs. Price as follows:
"Q Did he receive any other extra benefits that was paid for subsistence?
"A Yes, sir.
"Q What did he receive for subsistence pay?
"A $4.00 a day."
The record does not show whether Mr. Price received this "subsistence" regardless of whether he worked away from home, or whether he received it only as a reimbursement for extra living costs made necessary by away from home work. We think the burden was clearly on the plaintiff to prove that the subsistence allowance was of such a nature that it must be considered *216 a part of Mr. Price's weekly wage. Plaintiff has failed to meet this burden.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.