FRUGÉ, Judge.
This is a workmen’s compensation suit. The only issue in dispute is the amount of compensation due plaintiff.
Joseph W. McPhearson was killed on October 24, 1960, in an accident which arose out of and during the course of his employment at Hunt Lumber Co., Inc. He *431 was survived by his widow, Emma Sue McPhearson, and a minor daughter, Felicia Jo McPhearson. Emma Sue McPhearson instituted suit for workmen’s compensation benefits for herself and her minor child. She seeks compensation for herself based on the rate of 46(4% of the weekly wages of her deceased husband from the date of his death until her remarriage on January 13, 1962, less payments previously made. She seeks weekly compensation payments for the use and benefit of her minor daughter in the amount of 32i/¿% of her husband’s wages from January 13, 1962, for the maximum period allowed by law, less payments previously paid. She also seeks penalties and attorney’s fees under LSA-R.S. 22:658.
Defendant admits that the deceased was employed at a wage of $1.00 per hour, that he worked nine hours per day for five days and ten hours a day on the sixth day. Defendant further admitted that occasionally the deceased worked on the seventh day and was paid the legal wage for this work.
The trial court concluded that the deceased was regularly employed for fifty-five hours per week. He felt that the evidence did not show that the decedent was employed to work seven days per week, although he occasionally worked on the seventh day.
The trial judge found that the decedent had been paid $1.00 per hour for forty hours of work during the week and $1.50 per hour for the additional fifteen hours worked. He therefore concluded that compensation was to be based on a weekly rate of pay of $62.50 per week. Finding that the defendant had been regularly paying what was legally due, he dismissed the suit.
Plaintiff contends that the trial court was in error in its computation of the amount of compensation due and in failing to grant penalties and attorney’s fees.
Plaintiff contends that the compensation should be based on a seven day work week. In the alternative, plaintiff contends that the wages earned by the deceased for a period of approximately eight weeks prior to the accident should be taken into consideration in arriving at his average weekly earnings where the earnings of the workman varied from week to week.
We feel that the judge was correct in his application of the Workmen’s Compensation Law. His decision should be affirmed.
In this state, weekly compensation awards must be based on the employee’s daily rate of pay at the time of his injury. LSA-R.S. 23:1021(11); Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177. Weekly wages are generally computed by multiplying the worker’s daily wage at the time of the injury by six days. This computation is used even though a workman was not working this much at the. time of the accident. This is because compensation is based on the number of days the workman could have secured work had he not been injured. His ability to work at full time employment in the future should be compensated. Carrington v. Consolidated Underwriters, 230 La. 939, 89 So. 2d 399. If it be shown that the worker was regularly employed at an overtime rate, such may be used in computing his wages for compensation purposes. Carrington v. Consolidated Underwriters, supra; Buxton v. W. Horace Williams Co., 203 La. 261, 13 So.2d 855. When a worker is regularly employed for a seven day week, seven days may be used as the basis for computing compensation. Rhone v. Southern Kraft Corp., La.App., 189 So. 325. But in order to be able to use overtime pay as a basis for computing wages for compensation purposes, the worker must show an established practice of overtime work. If the overtime work is only “intermittent, irregular and spasmodic,” it will not be included. Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399, 404; Cage v. Fidelity & Casualty Co. of New York, La.App., 117 So.2d 923; Malone, *432 Louisiana Workmen’s Compensation Law and Practice, Sec. 324.
In the present case, the trial judge concluded that compensation should be computed on the basis of a regular six day work week at nine hours per day for five days and ten hours per day for one day. He felt that the deceased workman’s occasional overtime work on the seventh day of the week should not be included in computing compensation. We agree with his conclusion. It is apparent from a reading of the employment record of the deceased that his work on the seventh day was occasional and irregular. The employment record shows that during the forty-five weeks immediately preceding the workman’s death he worked over and above his normal fifty-five hour work week during only fifteen weeks; he worked a normal fifty-five hour work week during eighteen weeks; and he worked less than a normal fifty-hour work week during twelve weeks. The weeks in which the deceased worked over fifty-five hours were spasmodic and irregularly spread out over the forty-five week period. We feel that this does not establish a pattern of regularly working over fifty-five hoúrs per week. The trial judge was correct in his application of the law.
We cannot agree with plaintiff’s alternative contention that compensation should be based on the average weekly wages earned for a period of approximately eight weeks prior to the accident. Compensation is based on the daily rate of pay at the time of the injury, not on the worker’s average weekly wages over a period preceding the accident. See Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177 and cases cited therein; Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 322. We have discussed the computation of daily rate of pay in an earlier part of this opinion.
Since we have concluded that the defendant paid and is paying all that was and is required of him, it is unnecessary to discuss plaintiff’s demand for penalties and attorney’s fees.
For the foregoing reasons, the decision of the district court is affirmed.
Affirmed.