364 So.2d 223 (1978)
George Franklin SKINNER, Plaintiff-Appellant,
v.
BOISE SOUTHERN COMPANY, Defendant-Appellee.
No. 6612.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
*224 Smith & Wise by J. Wade Smith, Lake Charles, for plaintiff-appellant.
Hall, Lestage & Lestage, H. O. Lestage, III, DeRidder, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Plaintiff appeals from a judgment which dismissed his workmen's compensation suit on a plea of prematurity.
The record reflects that plaintiff allegedly received an accidental disabling injury on September 23, 1977 while in the employ of defendant. Subsequent thereto defendant began the payment of compensation benefits to plaintiff at the rate of $93.34 weekly. Pursuant to a demand from plaintiff that he be compensated at a higher rate, defendant on December 16, 1977 increased the amount of plaintiff's compensation payments to the sum of $108.73 and tendered an additional payment, which was accepted, bringing compensation current at the latter rate. Plaintiff filed the instant suit on December 19, 1977, alleging his total and permanent disability; that defendant has failed to pay him the maximum percent of wages to which he is entitled under the workmen's compensation act; and, that because of defendant's arbitrary and capricious refusal to pay the latter he is entitled to recover statutory penalties and a reasonable attorney's fee.[1] Thereafter, effective January 1, 1978, defendant reduced the compensation payments to the sum of $100.92 per week.[2]
Defendant filed answer generally denying the allegations of plaintiff's petition and by way of further answer and a simultaneously filed plea of prematurity alleged that plaintiff was being paid the maximum compensation to which he is entitled under the workmen's compensation act and his petition should therefore be dismissed pursuant to the provisions of LSA-R.S. 23:1314.
At trial on the issue of prematurity it was stipulated that plaintiff was paid at the rate of $3.50 per hour straight time and $5.25 per hour overtime; and, for the four full weeks preceding the date of alleged injury plaintiff worked 45 hours, 41 hours, 35.5 hours, and 47 hours, respectively.
In sustaining the plea of prematurity the trial court concluded that under LSA-R.S. 23:1021(7), as amended by Act 25, Ex.Sess., of 1968, overtime pay cannot be considered in determining an injured employee's "average weekly wage at the time of accident" and thus found that the maximum compensation *225 to which plaintiff is entitled should be computed as follows:
Weekly hours worked for four full weeks immediately preceding the date of injury (45 - 41 - 40 - 47 = 173)[3] divided by

4 = 43.25 × $3.50 = $151.375.
66 2/3% of $151.375 = $100.92

In concluding as above set forth the learned trial judge reasoned that by adopting the 1968 amendment to LSA-R.S. 23:1021(7) the legislature intended to legislatively overrule the jurisprudentially established rule to the effect that overtime pay may be used in computing compensation benefits. See McPhearson v. Hunt Lumber Co., 158 So.2d 430 (La.App. 3rd Cir. 1963) and cases therein cited.
Appellant specifies error in the trial court's determination that overtime pay cannot be considered in determining an injured employee's "average weekly wage at the time of accident" and suggests that a proper computation of the amount of compensation to which plaintiff is entitled is as follows:
Weekly hours worked for four full weeks immediately preceding the date of injury (45 - 41 - 40 - 47 = 173)[3] divided by 4 = 43.25.

 40 hours × $3.50 = $140.00
3.25 hours × $5.25 = 17.06
 _______
 Total $157.06
66 2/3 × $157.06 = $104.70

We find error in the trial court's conclusion that overtime pay should not be considered in determining an injured employee's "average weekly wage at the time of accident", however, we affirm the trial court judgment concluding that a proper computation of the amount due plaintiff under the provisions of LSA-R.S. 23:1021(7) reflects that plaintiff has been paid and continues to be paid the maximum benefits to which he is entitled under the workmen's compensation act.
Where a statute is unambiguous and the meaning and intent of the legislature clear, the statute must be enforced as written and courts must not, under the guise of construction, rewrite it to express their views of what they think the statute ought to say. State v. Jackson Brewing Company, 146 So.2d 504 (La.App. 4th Cir. 1962, writ of certiorari denied).
We discern no ambiguity in the provisions of LSA-R.S. 23:1021(7) and find therein no expression of legislative intent to overrule the well established jurisprudential rule that overtime pay may be used in computing compensation benefits.
LSA-R.S. 23:1021(7) provides in pertinent part as follows:
"`Wages' means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater; . . ."
The cited section clearly and precisely states that workmen's compensation benefits payable to a worker, paid on an hourly basis, are calculated on an "average weekly wage" determined by multiplying his hourly wage rate by the average actual hours worked in the four full weeks preceding the date of the injury. If the "average actual hours worked" amounts to less than 40 hours, the worker is compensated on the basis of forty hours. The plain intent of the section is to compensate the hourly worker on the basis of his "average weekly wage" and this intent is frustrated if the "average actual hours worked" exceed forty hours and the worker is not compensated on the basis of his "hourly wage rate" for the average hours in excess of forty.
*226 In the instant case the plaintiff was regularly paid an hourly wage rate of $3.50 for straight time and $5.25 for overtime. For the four full weeks preceding the date of injury he worked and was compensated on the above basis for a total of 168.50 hours. Thusly, under the statute he is entitled to the payment of compensation calculated as follows:

 168.50 hours divided by 4 = 42.125
 "average actual hours worked"
 40 hours @ $3.50 = $140.00
 2.125 hours @ $5.25 = 11.16
 ______
 "Average weekly wage" $151.16
 66 2/3% × $151.16 = $100.76

Although we find that the trial court erroneously failed to consider the hourly wage rate for overtime in calculating plaintiff's "average weekly wage", we conclude that his ultimate determination as to the amount of compensation to which plaintiff is entitled exceeds that determined by us by 16 cents. Consequently, we determine that the trial court judgment dismissing plaintiff's suit as premature is correct and should be affirmed. LSA-R.S. 23:1314.
The obvious difference between our calculation and that of the trial court arises as a result of the trial court's allowance to plaintiff of 40 hours for the week in which he only actually worked 35.50 hours. This was error as the phrase in the quoted section "or forty hours, whichever is greater" modifies the phrase "average actual hours worked", the meaning being clear that the worker is compensated on the basis of a 40 hour week only if the "average actual hours worked" are 40 hours or less.
For the above and foregoing reasons the judgment appealed from is affirmed at the cost of appellant.
AFFIRMED.
NOTES
[1] Presumably, plaintiff's petition instituting suit was mailed on December 16, 1977, prior to the actual receipt by plaintiff's counsel of the checks bringing compensation payments current at the rate of $108.73.
[2] The record reflects that reckoning from January 1, 1978, defendant has paid and continues to pay to plaintiff compensation at the rate of $100.92 per week.
[3] Presumably, the trial judge determined that under LSA-R.S. 23:1021(7) the average weekly wage at time of accident is calculated on the basis of the average actual hours worked in the four full weeks preceding the date of injury, utilizing no lesser number than 40 hours for any one week. Appellant in his suggested computation also utilizes no less than 40 hours for any one week. We find this to be error and the computations based thereon not in conformity with the provisions of Section 1021(7) as more fully explained hereafter.