hSAUNDERS, Judge.
. This is a workers’ compensation case. The workers’ compensation judge (WCJ) found Wade O. Parker’s (Claimant) average weekly wage to be $510.75 and his compensation rate to be $340.50. Claimant appeals the WCJ’s findings. We reverse.

FACTS

Claimant was injured on the job on May 26, 1998, while working for Nabors Drilling, USA(Defendant). Subsequently, he filed a disputed claim for workers’ compensation (Form 1008) on June, 18, 1998. A hearing was held on March 15, 1999. At the hearing, the parties stipulated that Claimaint worked a “seven on and seven off’ schedule. On the seven days that Claimant worked, he worked a twelve-hour shift and earned $10.25 per hour for regular hours and time and one-half ($15.375) for overtime hours. In light of Claimant’s schedule, he was paid forty hours at the regular rate of pay and forty-four hours at a time and one-half rate of pay. Claimant also received a per diem in the amount of $20.00 per day for each day he worked or $280.00 every four weeks.
At the conclusion of the hearing, the WCJ found Claimant’s average weekly wage to be .$510.75 and his compensation rate to be $340.50. Claimant appeals the WCJ’s findings.

LAW AND ANALYSIS

Claimant, in his only assignment of error, asserts that the WCJ erred in calculating his average weekly wage. In her written reasons for judgment, the WCJ stated that the “calculation of the average weekly wage is governed by Skinner v. Boise Southern Company, 364 So.2d 223 (La.App. 3 Cir.1978), as regards overtime pay, and La.R.S. 23:1021(10)(d) and Daigle v. Sherwin-Williams, 545 So.2d 1005 (La.1989), with respect to the per diem.”
[ ¿‘Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review.” Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97); 696 So.2d 551, 556. La.R.S. 23:1021(10)(a)(i) provides the *729 method for calculation of the average weekly wage (AWW) for a worker paid by the hour:
(10) ‘Wages” means average weekly wage at'the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average' actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater ...
(Emphasis added).
Essentially, the provision can be simplified into the following formula:
Hourly Wage Rate (x) the Average Actual Hours Worked in the Preceding Four Weeks
In Harris v. The Langston Co., Inc., 94-1266 (La.App. 3 Cir. 4/5/95); 653 So.2d 789, writ denied, 95-1178 (La.6/23/95); 656 So.2d 1020, we emphásized the well-settled rule that overtime and bonuses are to be considered in the calculation of a claimant’s AWW. See also Daigle, 545 So.2d 1005; Allor v. Belden Corp., 393 So.2d 1233 (La.1981).
In the instant case, the parties stipulated to Claimant’s work Schedule, regular hourly wage, overtime (OT) wage, and per diem.[1] Per our review of the record, it is not denied that in > the four weeks preceding the accident, .Claimant worked a total of 168 hours. Eighty of those hours were at the hourly rate of $10.25 and the remaining |aeighty-four hours were at the hourly rate of $15.375. Also during1 that 'four-week period, Claimant received per diems at $280.00.
Applying the formula set forth in La. R.S. 23:1021(10)(a)(i) and Harris, 94-1266; 653 So.2d 789, Claimant’s AWW is calculated as follows:
Actual Regular Hours: = 8% = 20 average hours @ $10.25 = $205
Actual Overtime Hours: = 88/4 = 22 average OT hours @ $15.375 = $338.25
Actual Bonus Payment: = $280/4 = $70 = $70
Average Weekly Wage = 205 + 388.25 + 70 = $613.25
Compensation = % (x) AWW = % (x) 613.25 . = $408.23
Accordingly, we reverse the WCJ’s finding of AWW and find that Claimant is entitled $408.23 in compensation subject to the maximum amount allowed by law. Claimant did not request attorney fees.

DECREE

We affirm the award of benefits but amend the award to reflect that the Claimant’s average weekly wage' is $613.25. Therefore, Claimant’s compensation benefits are $408.23 subject to the maximum allowed by law.
Defendants are cast with all costs at the hearing level and on appeal.
AFFIRMED AND AMENDED.

. The parties stipulated that Claimant worked a "seven on and seven off” schedule. On the "seven on” days, Claimant worked twelve hours per day. He was paid $10.25 per hour for regular hours and $15.375 per hour for overtime hours. He received per diems in the amount of $280.00 per month. .